KRAFT ET AL. v. JAMES ET AL.

1. **Foreclosure Sale:** JUNIOR LIEN-HOLDER NOT MADE PARTY: RIGHTS OF REDEMPTION: AGREED CASE: DUTY OF COURT IN RENDERING DECREE. Where plaintiffs had title to land under a sale pursuant to a mortgage foreclosure, to which defendant, a junior lien-holder, was not made a party, and plaintiffs were seeking to quiet their title against defendant, and had filed their petition herein for that purpose, but the defendant, instead of answering, agreed to a statement of the facts, on which the case was submitted to the court, *held* (1) that defendant had the right to redeem from plaintiffs, and that plaintiffs also had the right to extinguish defendant's right to redeem by paying off his lien; (*Smith v. Shay,* 62 Iowa, 119;) (2) that it was the duty of the court to render such a decree upon the agreed facts as would clearly define and establish these rights; (3) that a decree cutting off defendant's rights, except such rights as he might have to redeem, without defining those rights, was erroneous; and (4) that, since the record does not show the amount of defendant's lien, final decree cannot be rendered in this court.

*Appeal from Fayette Circuit Court.*

THURSDAY, JUNE 12.

ACTION TO QUIET TITLE. The original notice was served on defendant, James, by publication, and judgment by default was entered against him. He appeared within two years and moved the court for a retrial of the cause, which motion was granted. The cause was submitted to the court on an agreed statement of facts, and an order was entered confirming the former judgment. Defendant appeals.

*Ainsworth & Hobson,* for appellants.

*C. E. Ransier,* for appellees.

REED, J.—It is shown by the agreed statement of facts that in March, 1869, the land in question was owned by Andrew Creglow, and that he gave mortgages to the parties from whom he purchased it, to secure balances of the purchase-money. These mortgages were subsequently fore-

closed, and the lands were sold on special executions issued on the judgments of foreclosure, and in September, 1877, sheriff's deeds were given to the purchasers. Plaintiffs have title to the lands by conveyances from the purchasers at said sheriff's sales. In 1874, defendant, James, obtained judgment against said Creglow, which became a lien on Creglow's interest in the land; but James was not made a party to the foreclosure proceeding.

When appellant's motion for a retrial of the cause was sustained, he did not file an answer or any other pleading in the case, but, by agreement of the parties, the cause was submitted to the court on the agreed statement of facts. The petition alleges that plaintiffs are the owners in fee simple of the lands, and sets out the proceedings, and the various conveyances from Creglow and the immediate grantors, under which they acquired title. It also alleges that defendants make some claims to the premises adverse to them, but the nature of these claims, or the grounds on which they are asserted, are not set out. The prayer of the petition is that the title to the premises be quieted and confirmed in plaintiffs, and that the adverse claims of defendants be barred and foreclosed, "unless such as have some claim therein shall redeem from the execution sales mentioned in paragraphs 6 and 8 hereof," which were the sales under the foreclosure proceedings. The original judgment is in accordance with this prayer, and the final order from which the appeal is taken simply confirms this judgment. The judgment, then, cuts off every right or claim of the defendants to the premises, except the right to redeem from said execution sales, which right is preserved to such of the defendants as had it. But it does not determine that the appellant has this right. We think the judgment should have established his rights in this respect. It is true, there is no statement of his rights in the pleadings, and he did not formally ask that his rights be established, but, as the parties submitted the cause on the agreed statement of facts, without formal pleadings except

the petition, it was competent for the court to enter such judgment as was right on the facts agreed upon. (Code, § 3413.) And, as it was shown by the agreed statement that he was entitled to redeem from the sales, his right should have been established by the judgment. His judgment against Creglow became a lien on the premises before the judgments foreclosing the mortgages were entered, and it is not denied by plaintiffs that this gives him the right to redeem the premises from the sales under the foreclosure proceedings.

Appellant asks that final judgment be entered here deter-mining the amount which he is required to pay in making the redemption, and fixing a time within which the redemp-tion shall be made. These are matters which should be deter mined by the judgment. But plaintiffs have the right to extinguish appellant's right to redeem by paying off his judgment and discharging his lien on the premises; and this right should also be established by the judgment. *Smith et al. v. Shay*, 62 Iowa, 119.

But the amount due on the judgment was not agreed upon by the parties, and we cannot determine it. The amount of the judgment at the date of its rendition is stated in the agreed statement, and it is agreed that it is unpaid and un-satisfied, but the rate of interest which it bears is not stated. The judgment of the circuit court will, therefore, be reversed, and the cause will be remanded, with direction to determine the amount of appellant's judgment against Creglow, and to enter judgment establishing the right of plaintiffs to dis-charge the lien of said judgment by paying the amount thereof within such time as it shall prescribe, and providing that, in case of their failure to discharge said judgment within the time provided, appellant may redeem within a prescribed time, by paying the amount necessary to make such redemption, as shown by the agreed statement of facts.

REVERSED.