AT

## DES MOINES, DECEMBER TERM, A. D. 1883.

IN THE THIRTY-SEVENTH YEAR OF THE STATE.

---

PRESENT:

HON. JAMES G. DAY. CHIEF JUSTICE.
" JAMES H. ROTHROCK,
" JOSEPH M. BECK,
" AUSTIN ADAMS, } JUDGES.
" WILLIAM H. SEEVERS,

---

## SMITH ET AL v. SHAY ET AL.

1. **Redemption:** RIGHT OF AS BETWEEN JUNIOR AND SENIOR MORT-GAGEES. Where B. mortgaged land to defendant, and afterward mortgaged the same land to paintiffs, and defendant, under a foreclosure of his mortgage, to which plaintiffs were not made parties, procured a deed to the land, and afterwards plaintiffs, under a foreclosure of their mortgage, to which defendant was not made a party, also obtained a deed to the land, *held* that, while plaintiffs' right, as junior mortgagees, to redeem from the senior mortgage, was not cut off by the foreclosure of the senior mortgage, yet that right was not absolute, but that defendants could prevent the exercise of that right by themselves redeeming from the junior mortgage, by paying, not merely the amount for which the land sold on the foreclosure of the junior mortgage, but the amount of plaintiffs' judgment against B. upon the junior mortgage debt.

*Appeal from Shelby District Court.*

TUESDAY, DECEMBER 4.

THIS is an action in equity for the redemption of lands sold under the foreclosure of a mortgage. The facts are as follows: On the 11th day of September, 1874, Daniel Burns executed to the defendant, Walter Shay, a mortgage on the lands in controversy. In June, 1878, said Burns executed to plaintiffs a mortgage on the same lands. The defendant, Shay, foreclosed his mortgage by an action in the United States circuit court, and on the 11th day of February, 1880, obtained a master's deed to said lands, in pursuance of such foreclosure. Plaintiffs were not made parties to such foreclosure suit. The plaintiffs foreclosed their mortgage by an action in the district court of Shelby county, Iowa, to which action Shay was not made a party. On the 12th day of February, 1880, one day after the date of the master's deed to Walter Shay, the sheriff of Shelby county executed to plaintiffs a sheriff's deed to said lands. March 1, 1880, defendant, Shay, made a contract with the defendants, Frank & Elmendorf, giving them the right to lease or sell said lands, by which they were to have an interest in the proceeds thereof if they effected a sale. March 25, 1881, Frank & Elmendorf sold said lands to Thomas Jones, who now claims to be the owner thereof.

On the 26th day of April, 1881, Smith & Crittenden deposited with the clerk of the circuit court of the United States the sum of $1,380.15, for the purpose of redeeming said land from the sale under the Shay foreclosure, but withdrew said deposit on the 22d day of July, 1881. On the 16th day of July, 1881, and before the plaintiffs had taken up the money so deposited with said clerk, they commenced this suit to redeem said land.

The defendants, Jones and Frank & Elmendorf, filed an answer, in which they ask that they may be allowed to redeem

from the plaintiffs' mortgage. The court decreed that the defendants, Thomas Jones and Frank & Elmendorf, be allowed to redeem said premises by paying into the hands of the clerk, on or before October 1, 1882, the sum of $1,131.10, with interest from the date of the decree at the rate of ten per cent, and that, if the defendants fail to make such redemption within the time named, the plaintiffs may redeem, by paying to the clerk for the use of defendants, on or before November 1, 1882, the sum of $1,125, with interest from August 22d, 1882, the date of the decree, at ten per cent. Both parties appeal.

*Hart & Brewer*, for plaintiffs.

*Stuart Bros.* and *D. O. Stuart*, for defendants.

DAY, CH. J.—I. The plaintiffs hold and claim under the junior mortgage. They were not made parties to the foreclosure suit of the Shay or senior mortgage. It is conceded by the defendants that their right of redemption was not barred by the decree and sale under the senior mortgage. It is claimed, however, that their right to redeem is not an absolute one, and that defendants can prevent the exercise of that right by themselves redeeming from plaintiffs. This view was adopted by the court below, and it is, we think, correct. In 2d Jones on Mortgages, 2d Ed., section 1075, it is said: "A junior incumbrancer, who, not having been made a party to a foreclosure of a prior mortgage, afterwards redeems, redeems not the premises, strictly speaking, but the prior incumbrance, and he is entitled, not to a conveyance of the premises, but to an assignment of the security. Therefore, if the prior mortgagee in such case has become the purchaser at the foreclosure sale, and has thus acquired the equity of redemption of the mortgaged premises, the junior mortgagee upon redeeming is not entitled to a conveyance of the estate, but to an assignment of the prior mortgage; whereupon the prior mortgagee, as owner of the equity of redemption, may, if he

choose, pay the amount due upon the junior mortgage, redeeming that." See also *Pardee v. Van Anken*, 3 Barb., 534; *Renard v. Brown*, 7 Neb., 449. In our opinion the court did not err in giving the defendants the paramount right of redemption.

II. The court fixed the amount which the plaintiffs should pay to redeem at $1,125. Of this both parties complain. The plaintiffs insist that the amount is too large, and the defendants that it is too small. From a careful review of the whole case, we find that the amount which plaintiffs should pay is $1,350.97, with interest from August 22, 1882, on all of this sum, except $334.39, at ten per cent, and upon $334.39 at the rate of six per cent. The defendants complain of the amount which the court required them to pay in order to effect redemption. They insist that they should pay only the amount for which the land sold. We think that the court correctly required them to pay the amount of the judgment against Burns. The defendants will be allowed to redeem by paying into the hands of the clerk of this court, for the use of plaintiffs, the sum $1,131.10, with interest from August 22, 1882, at ten per cent, within sixty days from the entering of decree in this court. If the defendants fail to make such redemption, the plaintiffs may redeem by paying to the clerk for the use of defendants the sum of $1,350.97, with interest as above indicated, within ninety days from the rendition of decree.

The plaintiffs will pay the costs of appeal. With the modification above indicated, the judgment is

AFFIRMED.