Argued 23 October;  decided 6 November;  rehearing denied 27 November, 1899.

### KOERNER *v.* WILLAMETTE IRON WORKS.

[58 Pac. 863.]

MORTGAGES—RIGHTS OF JUNIOR CREDITORS—FORM OF DECREE.—The proper
course of procedure to bar the rights of a junior lien creditor who was not
made a party to the foreclosure of a prior lien is a suit for strict foreclosure,
requiring him to redeem within a reasonable time or be barred and foreclosed:
*Sellwood* v. *Gray*, 11 Or. 534, followed;  *Security Sav. Co.* v. *Mackenzie*, 33 Or. 209,
cited.

From Clackamas :  THOS. A. MCBRIDE, Judge.

Suit by Rudolph Koerner and Fred Meyer against the
Willamette Iron Works, ending in a decree for plaintiffs,
from which defendant appeals.               AFFIRMED.

For appellant there was a brief over the name of *Stott, Boise & Stout,* with an oral argument by *Mr. Raleigh Stott.*

For respondents there was a brief over the name of *C. D. & D. C. Latourette,* with an oral argument by *Mr. C. D. Latourette.*

Mr. Justice Bean delivered the opinion of the court.

This is a suit brought by the purchasers at a sale under a decree foreclosing a mortgage, to require a junior lien creditor who was not a party to the foreclosure suit, and who subsequently levied upon the property under his judgment, and at a sale became the purchaser, to redeem. The court below entered a decree of strict foreclosure, requiring the defendant to redeem within four months, by the payment of the purchase price, with interest, and, in the event of its failure to comply therewith, that it be forever barred from making such redemption.   From this decree the defendant appeals, claiming that the remedy in such case is by a reforeclosure of the original mortgage, a resale of the premises, and distribution of the proceeds according to the priorities of the respective parties.

The question of the proper procedure to bar the rights of a judgment lien creditor, who was not made a party to the foreclosure of a prior mortgage, was considered in the case of *Sellwood* v. *Gray,* 11 Or. 534 (5 Pac. 196), and it was held that a suit to compel him to redeem within a reasonable time or be barred and foreclosed was the proper practice, and this has since been recognized as the rule. Thus, in *Osborn* v. *Logus,* 28 Or. 302, 310 (37 Pac. 456, 38 Pac. 190, and 42 Pac. 997, 998), Mr. Justice Wolverton, in discussing the question as to whether subsequent lien creditors are necessary parties to a suit to foreclose a mechanic's lien, after quoting the statute, says : "No one will contend, under this statute, that, without the presence of a subsequent lienor as a party defendant, the suit

could not proceed. The decree without him is not binding, so far as he is concerned. But a purchaser under such a decree may insist upon a redemption by the lienor not made a party, failing in which such lienor will be thenceforth barred of all interest in the premises ;" citing *Sellwood* v. *Gray*. And in the recent case of *Security Sav. Co.* v. *Mackenzie*, 33 Or. 209 (52 Pac. 1046), in discussing the form of the decree in a suit to foreclose a vendee's interest under a title bond, it is said : "His [the vendor's] right in this regard is analogous in many respects to the right of a purchaser at foreclosure sale to compel a subsequent lien creditor, who was not made a party to the suit, to redeem. In such case, a court of equity will compel the creditor to exercise his right of redemption within a reasonable time, or, in default thereof, be as effectually foreclosed of his equity of redemption without sale as if he has been made a party to the original decree." So that, while it may be claimed that the case of *Sellwood* v. *Gray* could have been put upon another ground, the question now under consideration was squarely in issue and decided, and the doctrine of the case has since been regarded and accepted as sound. Moreover, it is abundantly supported by authority : 7 Enc. Pl. & Prac. 123 ; *Parker* v. *Child*, 25 N. J. Eq. 41 ; *Bolles* v. *Duff*, 43 N. Y. 469 ; *Shaw* v. *Heisey*, 48 Iowa, 468. We are therefore not disposed to disturb or overrule it, and the decree of the court below is affirmed.          Affirmed.