Argued 4 December, 1900; decided 7 January, 1901.

## GAINES *v*. CHILDERS.

[63 Pac. 487.]

INDISPENSABLE PARTIES TO FORECLOSURE SUITS.

Persons holding liens on property affected by a mortgage or mechanic's lien are not indispensable parties to a suit to foreclose, and a decree without their appearance will be valid, but does not cut off the right of such, absent parties to redeem. Thus, a mortgagee whose mortgage had been so inaccurately drawn as to omit from its influence a certain tract that was intended to be included, not having been made a party to the foreclosure of a subsequently acquired lien on the omitted tract, is entitled to redeem from a sale on such subsequent lien, but not to priority over it.

From Jackson: HIERO K. HANNA, Judge.

Suit by James Gaines against Spencer Childers and others. From the decree rendered, the plaintiff appeals.

AFFIRMED.

For appellant there was a brief over the name of *Hammond & Searle,* with an oral argument by *Mr. Austin S. Hammond.*

For respondent there was a brief over the names of *G. W. White,* and *Bonham, Jeffrey & Martin,* with an oral argument by *Mr. B. F. Bonham.*

MR. CHIEF JUSTICE BEAN delivered the opinion.

On November 20, 1895, the defendants Childers, intending to execute a mortgage to plaintiff upon certain land in Jackson County to secure the payment of a promissory note for $550, by mutual mistake of the parties thereto, made it upon another and different tract. Thereafter, and between the eleventh day of August and the tenth day of November, 1896, the defendant Woods sold and delivered lumber to

Childers, to be, and which was, used in the construction of a building upon a portion of the premises intended to be so mortgaged. On December 9, 1896, he filed his claim of lien in the office of the county clerk, and on the second day of June, 1897, commenced a suit against Childers and wife and a subsequent judgment lien creditor to foreclose the lien. Such proceedings were thereafter had in the suit that a decree was entered in his favor, directing, among other things, the sale of the building, together with a certain described portion of the premises, under which decree and execution thereon the property was sold by the sheriff and purchased by Woods on the twenty-eighth day of August, 1897. The plaintiff, who was not a party to the suit to foreclose the mechanic's or lumber merchant's lien, commenced this suit on the tenth day of May, 1898, against Childers and Woods to reform and foreclose his mortgage, and for a decree giving it priority over the right acquired by Woods at such sale, alleging that Woods knew of plaintiff's rights at the time he sold the lumber to Childers. Upon the trial the court below, however, found as a fact—and we think its finding is supported by the testimony — that Woods had no notice or knowledge of the plaintiff's claim at the time he furnished the lumber and filed his lien, and that, although informed before the commencement of his suit that the plaintiff was supposed to have a mortgage on the premises, he did not make him a party, because he was advised by his attorney that it was not necessary, as the description in the mortgage did not cover the property to which the lien attached; and therefore the court entered a decree reforming plaintiff's mortgage, but holding that it was subsequent and subject to the mechanic's lien filed by Woods; that plaintiff was entitled to redeem from Woods by paying the amount bid by him for the premises purchased, together with interest and costs, and that, if he chose to exercise such right, the entire premises should be sold, and the proceeds applied: First, to reim-

burse him for the amount paid on such redemption; second, to the costs and disbursements of the suit; and, third, on the plaintiff's mortgage—but that if he did not choose to redeem, an execution should issue for the sale of the portion only of the premises intended to be mortgaged, not embraced in Woods' purchase.   From this decree the plaintiff appeals.

The· statute provides that no mechanic's lien shall bind any building for a longer period than six months after filing, unless suit be brought in a proper court within that time to enforce the same (Hill's Ann. Laws, § 3675) ; that all persons personally liable and all mechanic's lienholders shall, and all other persons interested in the matter in controversy or in the property sought to be charged with the lien may, be made parties, but such as are not made parties shall not be bound by such proceedings :   Hill's Ann. Laws, § 3677.   The position of the plaintiff is that under the statute a mechanic's lien lapses or becomes void, as against a junior mortgage or judgment lien, unless the lienholder is made a party· to a suit to enforce such lien, brought within the time specified in the statute.   But the statute provides that the pleadings, process, practice, and other proceedings shall be the same as in other cases, and shall, as nearly as possible, be made to conform to the proceedings of a foreclosure of a mortgage lien upon real property: Hill's Ann. Laws, § 3677. The manifest purpose of these provisions is to assimilate the proceedings in a suit to foreclose a mechanic's lien, as nearly as possible, to those in a suit to foreclose a mortgage upon real estate; and it is well settled that a suit to foreclose a mortgage can proceed to final decree without the presence of other lien claimants, and that the absence of such parties from the record does not render the service a nullity.   It is true, section 415 provides: "Any person having a lien subsequent to the plaintiff upon the same property or any part thereof   *   *   *   shall be made a defendant in the suit," but this is only in order that a decree may be rendered which

will bind all parties interested in the land, and under which a sale may be effected which will transfer the title to the purchaser free from liens and incumbrances. The omission of such parties, however, will not invalidate the decree, nor will a bill be dismissed on account thereof for a defect of parties: 9 Enc. Pl. & Prac. 300. If incumbrancers are not made parties to a suit to foreclose a lien, they are, of course, in no respect bound by the decree or proceedings thereunder; but the decree itself is valid, and vests in the purchaser the legal title to the premises, and the right, in a proper proceeding, to compel such lien creditors to redeem: *Sellwood* v. *Gray,* 11 Or. 534 (5 Pac. 196) ; *Koerner* v. *Willamette Iron Works,* 36 Or. 90 (58 Pac. 863). The same is true in a suit to foreclose a mechanic's lien. Persons holding liens upon the premises by judgment or mortgage are not indispensable parties to such a suit. The only effect of not joining them with the owners of the premises is that the decree is not binding upon them, and does not cut off or deprive them of the right of redemption: *Osborn* v. *Logus,* 28 Or. 302 (37 Pac. 456, 38 Pac. 190, 42 Pac. 997) ; *Whitney* v. *Higgins,* 10 Cal. 547, 70 Am. Dec. 748) ; *Gamble* v. *Voll,* 15 Cal. 507. The failure, therefore, to make the plaintiff a party to the suit brought by Woods to foreclose his lien did not render the lien or the rights acquired thereunder invalid as to the plaintiff's mortgage, but the purchaser at the sale under such decree obtained the legal title to the premises, subject to the right of the plaintiff to redeem; and therefore there was no error in the decree of the court below, which is affirmed.

AFFIRMED.