Decided 29 December, 1902.

## WILLIAMS v. WILSON.

[70 Pac. 1031.]

MORTGAGE FORECLOSURE—EFFECT ON LIEN HOLDERS WHO ARE PARTIES.*

A mortgage foreclosure decree under B. & C. Comp. §§ 423, 427, concludes all parties to the case as to all rights asserted therein, and merges them into the decree. Thereafter any right asserted in such foreclosure case can be enforced only through the decree therein. The effect of this is to prevent a

*NOTE.—Who May Redeem From an Execution Sale is the subject of a footnote to *Horn* v. *Indianapolis Nat. Bank,* 21 Am. St. Rep. 243; and the effect of redeeming from such a sale is annotated with *Flanders* v. *Aumack,* 67 Am. St. Rep. 510-517.

The Right to Redeem From a Foreclosure Sale is annotated with the case

judgment lien creditor from issuing an execution on a judgment that he has pleaded and had recognized in a suit foreclosing a prior mortgage, and thereunder selling the mortgaged land after it has been redeemed by a grantee of the mortgagor who purchased subsequent to the rendition of the decree.

The following is an application of the foregoing rule to this case : The owner of mortgaged premises conveyed them to a third party, who did not at once record his deed. Thereafter the mortgage was foreclosed and the property sold under the decree, and in this suit the owner of a judgment appeared as a defendant, and procured an adjudication that the proceeds of the sale, after satisfying prior liens, should be applied to the payment of his judgment. Afterward the purchaser of the land recorded his deed and redeemed the premises. Subsequently the judgment lien creditor, the property not having sold for enough to satisfy his claim, issued execution and levied it on the land. *Held,* that the purchaser is to be considered as such only from the time that he recorded his deed ; and that the judgment creditor's rights under his original judgment became merged into the foreclosure decree, and were exhausted by the sale thereunder as to the property sold, and that the execution should be recalled.

From Wasco: W. L. BRADSHAW, Judge.

This is a suit by George H. Williams against W. H. Wilson and Robert Kelly to enjoin the sale of real property under an execution issued on a judgment against the plaintiff's grantor. The facts are that on January 17, 1893, O. D. Taylor mortgaged the property in question to William H. Wilson, and on the 27th of the following July conveyed it to the plaintiff, but the deed therefor was not recorded until the 27th of July, 1895. In March, July, and October, 1894, one Joseph A. Johnson recovered judgments against Taylor for $1,600, $1,645, and $1,841.71, respectively, and in April, 1894, Caroline Breese recovered a judgment against him for $1,107.50, which she assigned to Johnson. At the time the judgments were recovered by Johnson, he had no notice or knowledge that plaintiff had or claimed any interest in the mortgaged premises, and knew nothing of the deed until it was recorded. On November 16, 1894, J. C. Flanders, the assignee of the mortgage, commenced suit in the circuit court for Wasco County to foreclose the same, making Johnson a party, and alleging that he had or claimed some interest in or to the mortgaged premises, but

of *Horn* v. *Indianapolis Nat. Bank,* 21 Am. St. Rep. at p. 245 ; and with the same case in 9 L. R. A. 676, is a note, Redemption After Foreclosure Sale, discussing the subject of redemption generally, how it is accomplished, and what are the effects of redeeming, see, also, *Scheibel* v. *Anderson,* 77 Am. St. Rep. 664, and *Law* v. *Citizens' Bank,* 89 Am. St. Rep. 566.—REPORTER.

that it was subsequent and subject to the lien of the mortgage. Johnson appeared, and filed an answer or cross-complaint, setting up his judgments, and alleging that they were liens on the mortgaged premises, and entitled to be paid out of the proceeds of the sale thereof in the foreclosure proceedings. Thereafter, and on May 27, 1895, a decree was rendered, foreclosing the Flanders mortgage, ordering a sale of the property, and directing the proceeds to be distributed (1) to the payment of the expenses of sale and the amount due on the mortgage, attorney fees, costs, and disbursements; (2) to the payment of Johnson's judgment of March, 1894; (3) of the Breese judgment of April, 1894; (4) of Johnson's judgment of July, 1894; (5) of a judgment in favor of the State of Oregon, and (6) of Johnson's judgment of October, 1894. The decree also provides that all the defendants, including Johnson, shall "be barred and forever foreclosed of any and all right, title, interest, claim, or demand in or upon said mortgaged property, and each and every parcel thereof," except the statutory right of redemption. An execution was issued on the decree, and the property sold at public auction to Johnson for an amount sufficient to satisfy all the liens thereon except the one of October, 1894. The sale was confirmed on July 19, 1895, and on the 8th of the following month the plaintiff redeemed by paying Johnson the amount of his bid, which was accepted, and applied upon the judgments of March and July, 1894, and the Breese judgment, and the same were satisfied of record, leaving unpaid his judgment of October, 1894, which he assigned to one Rorick, who, on the 13th day of August, 1901, assigned it to the present defendant W. H. Wilson. On the 18th of September, 1901, Wilson caused an execution to be issued thereon, and the property described in the mortgage and conveyed by Taylor to the plaintiff to be again seized and advertised for sale, whereupon this suit was brought to enjoin the sale, on the ground that the lien of the Johnson judgment was barred and foreclosed by the decree of the foreclosure.        REVERSED.

For appellant there was an oral argument by *Mr. George H.*

*Williams, in pro. per.,* with a brief over the name of *Williams, Wood & Linthicum,* to this effect:

I. The foreclosure decree, to which Johnson was a party, claiming part of the proceeds of the sale, and which provided that all the defendants (including Johnson) should be barred and forever foreclosed of any and all right, title, interest, claim or demand in or upon said mortgaged property, extinguished the lien of Johnson's judgment on said property: Pomeroy, Eq. Jur. § 1228; B. & C. Comp. § 423; *Frost* v. *Koon,* 30 N. Y. 443; *Bloomer* v. *Sturgis,* 58 N. Y. 175; *Lauriat* v. *Stratton,* 6 Sawy. 339 (11 Fed. 114); *Seligman* v. *Laubheimer,* 58 Ill. 124; *Ogle* v. *Koerner,* 140 Ill. 17 (29 N. E. 563); *Johnson* v. *Hambleton,* 52 Md. 382; *Supervisors* v. *Union Pac. R. Co.* 24 Wis. 93; *Willis* v. *Miller,* 23 Or. 352 (31 Pac. 827).

II. The lien of the judgment was transferred from the land to the proceeds of the sale: *Lauriat* v. *Stratton,* 6 Sawy. 339 (11 Fed. 114); *Titus* v. *Neilson,* 5 Johns. Ch. 452; *Pahlman* v. *Shumway,* 24 Ill. 132; *Cook* v. *Dillon,* 9 Iowa, 407 (74 Am. Dec. 354); *Bartlett* v. *Gale,* 4 Paige, 503; Herman, Ex'ns, § 226; Freeman, Judgts. § 400.

For respondents there was a brief and an oral argument by *Mr. W. H. Wilson,* to this effect:

I. The object and purpose of the decree is to ascertain and declare the several liens against the mortgaged property. It cannot devest them. It is only when the decree has been fully executed and the title to the mortgaged premises has been perfected under the foreclosure sale that the liens are extinguished. A redemption by the judgment debtor or his successor in interest terminates the sale and restores the estate: *Chavener* v. *Wood,* 2 Or. 182, 187; *Willis* v. *Miller,* 23 Or. 352, 357 (31 Pac. 827); *Lauriat* v. *Stratton,* 6 Sawy. 339 (11 Fed. 107); *Rosenberg* v. *Croisan,* 18 Or. 470, 473 (23 Pac. 847); *Flanders* v. *Aumack,* 32 Or. 19 (67 Am. St. Rep. 504, note, 51 Pac. 44); B. & C. Comp. § 250.

II. The lien of the judgment was transferred from the land to the proceeds of the sale *pro tanto* only. The sale is inchoate,

and until consummated by the execution and delivery of the deed in due course of law, the several liens, if only partially satisfied, are not extinguished, but simply suspended, and if a redemption is made by the judgment debtor or his successor they all survive and are reinstated: *Flanders* v. *Aumack,* 32 Or. 26 (51 Pac. 44, 67 Am. St. Rep. 504, and note).

III. Cases holding contrary to the foregoing propositions are based on the assertion that there is a marked difference between a case of redemption by a judgment debtor and that of a redemption by his grantee. Such difference does not exist under the laws of this state, and proceedings at law and equity in this particular are the same in this state: B. & C. Comp. §§ 250, 416, 427; *Willis* v. *Miller,* 23 Or. 352, 357 (31 Pac. 827); *Rosenberg* v. *Croisan,* 18 Or. 470, 473 (23 Pac. 847); *Flanders* v. *Aumack,* 32 Or. 19, 25 (67 Am. St. Rep. 504, note, 51 Pac. 447).

MR. JUSTICE WOLVERTON, after stating the facts, delivered the opinion of the court.

Since this case was decided, the respondent has filed an exhaustive brief on petition for rehearing, by which it is urged with signal ability that the determination of the court is untenable and contrary to its former adjudications. We have reexamined the case with the same result as formerly, but have revised the reasons upon which it must rest. This opinion will, therefore, take the place of the former as declarative of the law of the case. The judgment in favor of Johnson, the enforcement of which is sought to be enjoined in this suit, was recovered by him without notice or knowledge of the previous deed from Taylor to the plaintiff, and therefore the plaintiff stands in the same position as if Taylor owned the property at the time of the rendition of the judgment, and he had purchased it after that date. The question for decision, then, is whether a judgment lien creditor, who is a party to a suit to foreclose a prior mortgage, and who comes in by answer or cross-complaint, and sets up the judgment, and obtains a decree that the proceeds of the sale, after satisfying prior liens,

shall be applied in payment of his judgment, can have the mortgaged premises resold under execution issued in the law action for any deficiency due him on his judgment, when the land had been redeemed by a grantee of the mortgagor, who takes subsequent to the rendition of the foreclosure decree. In *Settlemire* v. *Newsome,* 10 Or. 446, and *Flanders* v. *Aumack,* 32 Or. 19 (51 Pac. 447, 67 Am. St. Rep. 504), it is held that land sold under an execution issued on a judgment at law, and redeemed by the judgment debtor or his successor in interest, may be resold for an unpaid balance due on the judgment, the amount paid on redemption being considered merely a payment *pro tanto.* In *Willis* v. *Miller,* 23 Or. 352 (31 Pac. 827), —a case where the mortgaged premises passed into the hands of a stranger to the mortgage prior to the foreclosure,—it was held that the premises could not be resold for a deficiency remaining upon the personal decree against the mortgagor after redemption by the holder of the equity of redemption or legal title. In distinguishing this case, we said in *Flanders* v. *Aumack,* 32 Or. 19, 29 (51 Pac. 447, 450, 67 Am. St. Rep. 504) : ''Foreclosure is a remedy by which the property covered by the mortgage may be subjected to sale for the payment of the demand for which the mortgage stands as security, and, when the decree is had, and the property sold to satisfy it, the mortgagee has obtained all he contracted for. But if there is also a personal decree against the mortgage debtor, this becomes, from the date of its docketing, a general lien upon his real property, as in case of a judgment; and, if a deficiency remains after the application of the proceeds of the sale of the lands covered by the mortgage, the decree may be enforced by execution, as in ordinary cases: Hill's Ann. Laws, § 417, subd. 2. The resale does not take place under the order for the sale of the specific property covered by the mortgage lien, for that has been exhausted, but under the personal decree, which remains as a deficiency decree against the mortgage debtor after the application of the proceeds arising under the order of sale; and a redemption will not reinstate the specific mortgage lien, while it will the general lien acquired by the personal decree.

This distinction is clear, and is bottomed both upon principle and authority. The redemption is from the sale, and not from the mortgage; and, if the lien of the personal decree has never attached by reason of the mortgagor not having the fee of the property at the time it was rendered, there never existed any lien to be reinstated against his successor in interest, who purchased prior to the decree.''

This was by way of argument, and, while it may not have been necessary, strictly speaking, to the decision of that case, yet we think it sound doctrine, and are quite ready to adhere to it now, where it is especially invoked in behalf of respondent as decisive of the present controversy. But we cannot agree with counsel that such is its relevancy and effect. The statute provides how a lien other than a judgment or decree may be foreclosed, which shall be by suit. In addition to the decree of foreclosure, if it appear that a promissory note or other personal obligation has been given by the mortgagor or other lien debtor for the payment of the debt, a decree may be had against him for the amount of such debt, as in the case of an ordinary decree for the recovery of money. Any person having a lien subsequent to plaintiff upon the same property shall be made a party to the suit, and, when it is adjudged that any of the defendants have a lien upon the property, the court shall make a like decree in relation thereto and the debts secured thereby as if such defendant were a plaintiff in the suit; and when a decree is given foreclosing two or more liens upon the same property, or any portion thereof, in favor of different persons, not united in interest, such decree shall determine and specify the order of time according to their priority, in which the debts secured by such liens shall be satisfied out of the proceeds of the sale of the property. If the decree is in favor of the plaintiff only, execution may issue, as in ordinary cases; but, if in favor of different persons not united in interest, it shall issue at their joint request, or the order of the court. When the decree is also against the defendants or any one of them in person, and the proceeds of the property involved by the lien are not sufficient to satisfy the

42 OR.—20

same as to any sum remaining, it may be enforced by execution, as in ordinary cases. In such case, if the decree be in favor of different persons, not united in interest, it shall be deemed a separate decree as to such persons, and may be enforced accordingly: B. & C. Comp. §§ 423-426. It is further provided that "a decree of foreclosure shall have the effect to bar the equity of redemption, and property sold on execution issued upon a decree may be redeemed in like manner and with like effect as property sold on an execution issued on a judgment, and not otherwise" (section 427); and also that "during the pendency of an action at law for the recovery of a debt secured by any lien mentioned in section 423, a suit cannot be maintained for the foreclosure of such lien, nor thereafter, unless judgment be given in such action that the plaintiff recover such debt or some part thereof, and an execution thereon against the property of the defendant in the judgment is returned unsatisfied in whole or in part" (section 429).

It is very apparent from these sections of the statute that a judgment lien creditor should be made a party defendant, if it is designed to devest him of any interest he has acquired in the subject of the foreclosure. In *De Lashmutt* v. *Sellwood*, 10 Or. 319, it was held that such a junior lien holder was not in any way affected by proceedings to foreclose to which he was not made a party, and that his right to sell on execution and convey the title remained unimpaired, and this as against a prior sale under the decree of foreclosure. Springing out of the legal principles and conditions established by this case was another,—*Sellwood* v. *Gray,* 11 Or. 534 (5 Pac. 196),—which was a suit brought by the holder of the sheriff's deed under the foreclosure decree against the judgment creditor, who had purchased under execution on his judgment, to require him to redeem from the mortgage, and it was held that such a suit could be maintained; that the purchaser under the ineffectual sale under the decree became subrogated to the position of the mortgagee; and that the judgment creditor should redeem, not under the statute, but

by doing equity,—that is, paying the amount of the mortgage debt, both principal and interest, or such as remained unpaid, or be forever barred of all interest in the premises. The doctrine is concisely stated in *Osborn* v. *Logus,* 28 Or. 302, 310 (37 Pac. 456, 38 Pac. 190, 42 Pac. 997, 998), that "a purchaser under such a decree may insist upon a redemption by the lienor not made a party, failing in which such lienor will be thenceforth barred of all interest in the premises;" and it has been reaffirmed in *Koerner* v. *Willamette Iron Works,* 36 Or. 90 (58 Pac. 863, 78 Am. St. Rep. 759), and *Gaines* v. *Childers,* 38 Or. 200 (63 Pac. 487). So that a judgment lien creditor not made a party to a suit to foreclose a prior mortgage is in no way affected by the decree. He may have execution issue upon his judgment, and sell and obtain the legal title, notwithstanding the foreclosure. But he may redeem if he desires, or may be compelled to do so, and in either case he must pay the entire mortgage debt and interest under the equitable rule, and not under the statute, as from a sale under the decree.

Now, what is the status of a judgment lien creditor when he has been a party, regularly brought in, and becomes legally subject to the decree of foreclosure? If he desires to perpetuate his lien as it pertains to the particular property involved by the suit, it is plain he must set it up; otherwise he must stand in default, and can get nothing. Whether he is entitled to a personal decree therein, as if he were a plaintiff, is a question we are not now called upon to decide. None such was obtained in the foreclosure involved here. He would have a voice, under the statute, as to the issuance of the execution, but could have none on his own motion, save by the order of the court, unless he should obtain a deficiency decree. In 2 Jones, Mortg. (4 ed.) § 1437, we find this text: "A creditor having a judgment rendered before the sale, but subsequent to the decree, may redeem at any time before the sale by virtue of his lien. But after the sale the right is as effectually barred as if the creditor had been made a party to the proceeding." The redemption must be from the mortgage,

but a sale will cut him off from that, and so will he be cut off if he is made a party to the proceeding. Of what avail would be a decree, if, notwithstanding, the judgment creditor could have execution issue, and sell under his judgment? There must be some purpose in requiring him to be made a party to the foreclosure suit, and what purpose can be subserved thereby if it denies or curtails none of his rights acquired by his judgment?

The clear purpose as well as effect of a foreclosure proceeding under the statute is to conclude all parties to the record, and bind them by the decree. It is, in a sense, a proceeding *in rem;* strictly so in so far as it determines the status of the property involved by the liens, but not as it relates to a personal decree. It determines and declares priorities and preferences and marshals the assets; that is, determines the order in which the proceeds of the property shall be applied with reference to the various liens when sold, the necessary and inevitable result of which is to merge all liens involved, whether general or special, in the decree; and thenceforth, if it is sought to subject the property to the payment of any of these distinct liens, it must be done under the decree in accordance with its directions, and by virtue of the process provided for its enforcement. The parties can have no remedy or process to enforce their individual liens as they existed prior to the foreclosure, because it cuts them off, and gives them the process provided for the enforcement of the decree where the priorities are determined and the assets marshaled: *Lauriat* v. *Stratton,* 6 Sawy. 339 (11 Fed. 107). Now, while it may be conceded that the effect of the redemption by Williams as Taylor's successor to the equity of redemption or legal title was to restore the estate and reinstate the general lien for any unpaid balance of any personal decree that may have been rendered in that suit, yet it cannot be effective to vacate the decree and restore Johnson or his successor in interest, the defendant herein, to all his rights under his original judgment, including his right to have execution issue, and to levy it upon the property dealt with in the foreclosure. As to that

he has been forever barred; and his general lien, unless he has obtained one in the foreclosure proceedings, cannot avail him for the purpose. He has had his day in court as to the property, and must abide the adjudication, and, unless the property comes again into the hands of his judgment debtor, his general lien by virtue of his original judgment is forever gone.

Counsel, in their brief, put a hypothetical case by supposing that, after the decree in the Flanders foreclosure had been entered, Taylor, the judgment debtor, had paid off the amount due under the mortgage, attorney's fees, and costs, and had also paid all other liens adjudged by the decree, except the one based upon the judgment in question, but failed to pay that, and ask, would appellant claim, under such circumstances, that the Flanders foreclosure decree had barred or foreclosed the lien of the last-named judgment? We answer that such would logically have been its effect, and, if the defendant herein desired to pursue the property, and obtain satisfaction of his demand out of it, he must have done so by execution in the foreclosure suit, and under the decree therein rendered. The prior demands or liens having been voluntarily satisfied, the defendant could have had his execution to enforce the decree, and have the property applied to the payment of his lien as therein determined; but, the property having been once sold under the decree, and Taylor, or rather his successor in interest, having redeemed, the specific lien is discharged. If, however, the defendant herein had acquired a personal decree in the foreclosure suit, and the same had been regularly docketed, he would have been entitled to an execution upon that, as in ordinary cases, but he can have no execution upon his judgment in the law action, as it has never reattached by the property coming again into the hands of the judgment debtor.

It follows that the defendant should be enjoined from further prosecuting his execution in the law action, and the decree of the court below will be reversed, and one here entered in accordance with the prayer of the complaint.

REVERSED.