Argued September 30, affirmed November 4, 1953

# PORTLAND MORTGAGE CO. *v.* CREDITORS PROTECTIVE ASSOCIATION

262 P. 2d 918

*Theodore S. Bloom,* of Portland, argued the cause for appellant. On the brief were Lenske, Spiegel, Spiegel, Martindale & Bloom, of Portland.

*Denton G. Burdick, Jr.,* of Portland, argued the cause for respondent. With him on the brief were Cake, Jaureguy & Tooze, of Portland.

Before LATOURETTE, Chief Justice, and LUSK, BRAND and PERRY, Justices.

BRAND, J.

This is an appeal by the Creditors Protective Association from an order denying a motion made by it for an order requiring the sheriff of Multnomah County to accept an offer of redemption made by it for the real property described in these proceedings.

The Portland Mortgage Company, a corporation, held a first mortgage upon the real property involved in this case. Katherine M. and Byron L. Randol were

the mortgagors. The appellant Creditors Protective Association, a corporation, obtained a judgment against the Randols, which became a lien against said property, subsequent in time and inferior to the lien of the plaintiff's mortgage. The judgment was entered on 21 March 1950. On 24 March 1950 the plaintiff brought suit to foreclose its mortgage, but did not join the judgment lienholder as a party. The mortgage was foreclosed by decree on 25 May 1950 and the plaintiff purchased the property at the foreclosure sale for $6,214.72, being the amount of the mortgage plus costs. On 3 July 1950 the sheriff executed and delivered to the plaintiff a certificate of sale to the property. The sale was confirmed on 20 July 1950. On 17 August 1950 the plaintiff filed a suit in equity against the defendant Creditors Protective Association, the judgment lienholder. The complaint alleged that the judgment lien of the defendant, which had not been foreclosed in the original suit, constituted a cloud upon the plaintiff's title, and that it was subsequent in time and inferior to the interest of the plaintiff as purchaser at the mortgage foreclosure sale, except for the statutory right of redemption possessed by the defendant as a judgment lien creditor. The complaint prayed for the entry of an interlocutory judgment and decree requiring that the defendant redeem from the sheriff's sale to the plaintiff "within such time as the court shall deem reasonable in the manner and mode provided by statute for the redemption by a lien creditor from a sale of real property on execution, and in the event of the failure of the defendants so to redeem said property, that a final judgment and decree be entered herein forever barring * * *" the claim of the defendant in or to the real property.

On 16 July 1951, more than a year after the sale of the mortgaged property to the plaintiff, and pursuant to the foreclosure decree, the sheriff executed and delivered to the plaintiff a deed conveying the premises. On 20 August 1951 the circuit court entered an interlocutory decree reciting the entry of a default against the defendant and providing that said defendant should have a period of 60 days from the date of the decree within which to redeem the property "in the manner and mode provided by the statutes of the State of Oregon for redemption by a lien creditor from an execution sale of real property from the Sheriff's sale to plaintiff", and providing further that in the event of failure of the defendant to redeem within the time allowed, a final judgment would be entered, barring and foreclosing the right of the defendant in the property. On 20 September 1951 the defendant judgment lienholder filed with the sheriff of Multnomah County a notice addressed to the plaintiff, its attorneys, the contract purchasers from the plaintiff and the sheriff, by the terms of which the parties mentioned, were notified that the defendant claimed a judgment lien against the property, which was due and unpaid. The notice further provided:

"* * * that pursuant to Chapter 6-1605, O.C. L.A. 1940, you are hereby requested to account on or before the expiration of ten days of the receipt of this notice for all rents, issues and profits from the following described property * * * [describing it] and you are further notified of redemption of said property, and that on the 9th day of October, 1951 at 10:00 o'clock A. M., Creditors Protective Association, an Oregon corporation, will apply to the Sheriff of Multnomah County to redeem the above described real property pursuant to Chapter 6-1607, O.C.L.A. 1940."

On 8 October 1951 the plaintiff filed with the sheriff of Multnomah County an accounting which reads in part as follows:

> "Pursuant to written notice served upon Portland Mortgage Co., the above named plaintiff, purchaser at execution sale of the real property described in the above suit * * * subject to right of redemption of the property described in the above suit, the said Portland Mortgage Co. and * * * [others] hereby present their verified account of all rents, issues and profits accruing from, and all sums which they claim as a lien upon the property sought to be redeemed * * *."

Then followed a statement of the account, showing a balance, as the amount necessary to redeem on 9 October 1951, of $7,037.88. It was also stated that interest after the date of October 9, 1951 would accrue at the rate of $1.98 per day.

On 9 October 1951 at the hour of 9:30 a. m., being one-half hour before the time specified by the defendant as the time at which it would "apply to the sheriff of Multnomah County to redeem * * *" the property, the plaintiff paid to the clerk of Multnomah County the sum of $321.50 which was sufficient to constitute full satisfaction of the judgment of the defendant, and thereupon the clerk satisfied said judgment on the margin of the record. It is stipulated that said funds are still being held by the county clerk. At the hour of 10 o'clock a. m., being the time set in the so-called notice of redemption, the defendant applied to the sheriff to redeem the real property and tendered to the sheriff the sum of $7,037.88, being the amount set out in the accounting as the amount necessary to redeem the property. The plaintiff, through its attorney, then exhibited the receipt of the

county clerk for the sum of $321.50, received as satisfaction of the defendant's judgment. The defendant, by its attorney, refused said sum of $321.50. The sheriff denied the application of the defendant to redeem, for the reason that the judgment records showed that the judgment held by the defendant had been satisfied in full prior to the tender of the redemption money by the defendant, basing his decision upon the provisions of OCLA, §§ 6-1602, subsection (2), 6-1607, subsections (1)(b) and (1)(c). The sheriff certified that the defendant was not a lien creditor entitled to redeem.

On 22 October 1951 the defendant filed a motion for an order requiring the sheriff to accept the offer of redemption made by it. That motion was made and filed in the case which the plaintiff had instituted on 17 August 1950 for the purpose of foreclosing the interest of the defendant judgment lienholder, and in which case the defendant had defaulted. The offer was accompanied by an affidavit reciting the facts and stating that the payment of $321.50 to the clerk by the plaintiff was made without the knowledge or consent of defendant. On 12 December 1951 the court denied the motion of the defendant, from which order the defendant appeals. There is a serious question whether the defendant had any standing to seek relief in the case in which he had been adjudged in default. True, he had no wish to be relieved from the decree entered on his default. But he did seek an order from the court requiring the sheriff to accept the redemption money. It may be that the proper procedure would have been to bring mandamus against the sheriff rather than seeking an order in a case in which he had been adjudged in default, but the issue was presented

to the court on the merits by both parties and the court decided it on the merits. There is no issue raised in this court concerning the procedure followed. We will therefore consider the case on its merits here.

Only one assignment of error is presented by the defendant for consideration here, namely, that the court erred in denying the motion of the defendant for an order directing the sheriff of Multnomah County to accept the tender of defendant and to allow it to redeem the subject real property. The defendant maintains that the right of a lien creditor to redeem is a valuable and absolute right granted by statute which cannot be abridged or defeated by the purchaser at a mortgage foreclosure sale without the consent of the lien creditor. He relies upon the provisions of OCLA, §§ 6-1602 to 6-1607 inclusive as the basis of the asserted right.

The plaintiff relies upon the provisions of OCLA, § 6-1001, the relevant parts of which read as follows:

> "Any person, against whom exists a judgment for the payment of money or who is interested in any property upon which any such judgment is a lien, may pay the amount due on such judgment to the clerk of the court in which such judgment was rendered, and such clerk shall thereupon release and satisfy such judgment upon the records of said court * * *."

██ The defendant intimates that a lien creditor is a necessary party to a mortgage foreclosure. This is true only in a limited sense. The statute provides that any person having a lien subsequent to the plaintiff upon the same property shall be made a defendant in a suit to foreclose a mortgage. OCLA, §§ 9-501, 9-502. But it is established that although junior lien claimants are necessary parties if the decree is to

affect them, nevertheless the decree of foreclosure is valid as to all parties who are properly joined even though other lienors are not joined. The omitted junior lienholder is in the same position as if no foreclosure had ever taken place, and he has the same rights, no more and no less, which he had before the foreclosure suit was commenced. *Monese v. Struve,* 155 Or 68, 62 P2d 822; *Gaines v. Childers,* 38 Or 200, 63 P 487; *Koerner v. Willamette Iron Works,* 36 Or 90, 58 P 863; *Sellwood v. Gray,* 11 Or 534, 5 P 196. One of the rights available to the junior lienholder is to redeem the mortgage and thus become subrogated to the position of the senior mortgagee. *Brown v. Crawford,* 252 F 248; *Coughanour v. Hutchinson,* 41 Or 419, 69 P 68. This right was therefore available to the defendant unless it was cut off by the act of the plaintiff in paying into court the amount of the judgment which was a lien on the mortgaged property. It would appear that the rights of a junior judgment lien claimant attach to him only so long as he has an unpaid judgment which alone constitutes the basis for his lien.

■ Just as the omitted junior lienholder retains the rights he had in the property subject to the lien, so the senior mortgagee retains rights with respect to the junior lienholder which are the equivalent of those held by him before the foreclosure of his mortgage. The purchaser at the foreclosure sale, whether he be the mortgagee or a third party, is vested with the rights of the mortgagee as against any omitted parties in the foreclosure suit, and may proceed to cut off the junior lien by suit for strict foreclosure. By the decree the junior lienor will be required to redeem or be barred of any rights in the property. This is the procedure sanctioned by the courts of this state.

*Gaines v. Childers; Koerner v. Willamette Iron Works; Sellwood v. Gray,* all supra.

■ The defendant claims that his right to redeem in this case is granted by statute and relies on OCLA, § 6-1602 (2), which provides that a creditor having a lien by judgment may redeem property sold subject to redemption. It is evident from defendant's argument and brief that it has confused the equitable right of redemption or equity of redemption with the statutory right of redemption. A clear distinction must be made between these two concepts.

The difference between the equity of redemption and statutory redemption has been made clear by the decisions of this court. *Higgs v. McDuffie,* 81 Or 256, 157 P 794, 158 P 953; and *Sellwood v. Gray,* supra. The classic statement is that of Mr. Justice Lord in *Sellwood v. Gray.* We quote:

> "* * * His equity of redemption is the right to redeem from the mortgage—to pay off the mortgage debt—until this right is barred by a decree of foreclosure; but until this right is barred, his estate, in law or in equity, is just the same after as it was before default. It is a right, though, of which the law takes no cognizance, and is enforceable only in equity, and has nothing to do with our statute of redemptions. [citing cases] This is a valuable right, and exists not only in the mortgagor himself, but in every other person who has an interest in, or legal or equitable lien upon, the mortgaged premises, and includes judgment creditors, all of whom may insist upon a redemption of the mortgage. [citing authorities] Nor can one, against his consent, be deprived of this right without due process of law. To bar his right of redemption, he must be made a party to the foreclosure, or the proceedings, as to him, will be a nullity. * * *""

■■ The exercise of the equitable right of redemption has the effect of discharging the lien if the redemption is by the mortgagor or his successor in interest, but if a junior lien claimant redeems, the effect is to substitute the junior for the senior lienholder. In the latter case, the aggregate of the liens will be unchanged, but the persons holding the liens will be different. A junior lien, and the right of redemption which is an incident thereof, will remain in existence unless and until the same is foreclosed by a senior lienholder. When the junior lien is foreclosed, then the statutory right of redemption as to junior lien creditors given by OCLA, § 6-1602 (2) comes into existence. If there has never been a foreclosure of the junior lien, then there is no statutory right of redemption, only the equitable right of redemption. Concerning the rights of an omitted junior lienholder, a learned author states:

"* * * This man's rights remain as they were, because the foreclosure does not bind him; and so, as a participant in the equity of redemption, which, as to him, was never foreclosed, he can redeem in equity. That, indeed, is not only his proper course, but it is the only procedure that should be open to him. He cannot resort to statutory redemption, because he is not within the terms of the statute. The latter comes into effect at and with foreclosure, as we have seen, but the statute envisages those only whom the foreclosure has barred. It follows that one who has never been foreclosed cannot resort to statutory redemption. His remedy remains where it always was, regardless of whether the particular State had provided for statutory redemption. The remedy is redemption in equity after the ancient mode." 2 Glenn on Mortgages, § 238.

It is apparent, therefore, that the defendant cannot rely on the statutory provisions as a basis for his claim of an absolute right to redeem. The obvious purpose of the statutory right of redemption is to give an additional opportunity to the mortgagor to recover his land and to the subsequent lien creditors to protect their interests. But, as has been indicated, the defendant herein can protect his interests without resort to the statutory right of redemption, and we therefore hold that the defendant does not come within the provisions of OCLA, § 6-1602 (2). The provisions of OCLA, § 6-1603 limiting the right of a lien creditor to redeem to the period of 60 days from date of sale clearly indicates that the statutory right of redemption does not apply in cases such as the one at bar. It was provided in the interlocutory decree that the defendant "shall have a period of sixty days from the date of this decree within which to redeem in the manner and mode provided by the statutes of the State of Oregon for redemption by a lien creditor from an execution sale of real property  *  *  *." The quoted provision did not constitute a holding that the defendant had a statutory right of redemption. The decree only adopted the procedure of statutory redemption as that which should be followed by the defendant if it should choose to redeem.

The junior lienor, who was omitted in the foreclosure of the senior mortgage, still has the valuable right of redemption available to him, but, when such a right is exercised, the authorities are clear that the redeeming junior lienholder is not entitled to a conveyance of the property, but rather to an assignment of the security interest of the senior mortgage. *Renard v. Brown,* 7 Neb 449; *Smith v. Shay,* 62 Iowa 119, 17 NW 444; *O'Brien v. Perkins,* Tex Civ App, 276 SW

308; *Shelton v. O'Brien,* Tex, 285 SW 260. This rule is stated in 2 Jones, Mortgages, 8th ed, § 1376, as follows:

> "A junior incumbrancer who, not having been made a party to a foreclosure of a prior mortgage, afterward redeems, redeems not the premises, strictly speaking, but the prior incumbrance; and he is entitled, not to a conveyance of the premises, but to an assignment of the security. Therefore if the prior mortgagee in such case has become the purchaser at the foreclosure sale, and has thus acquired the equity of redemption of the mortgaged premises, the junior mortgagee upon redeeming is not entitled to a conveyance of the estate, but to an assignment of the prior mortgage; whereupon the prior mortgagee, as owner of the equity of redemption, may, if he choose, pay the amount due upon the junior mortgage, redeeming that.   *   *   *''

■■ When a junior lienholder has redeemed the senior incumbrance and steps into the shoes of the prior mortgagee, he must foreclose his lien and have the property sold, in order to realize on his security, unless the purchaser at the prior foreclosure, who has acquired the mortgagor's equity of redemption, chooses to redeem from him. The equity of redemption acquired by the purchaser at the foreclosure sale, when perfected by delivery of a sheriff's deed, constitutes the basis of his right to re-redeem from a junior lienholder who by redemption from the purchaser has acquired the rights of the senior mortgagee but has not acquired the property. We quote:

> "Redemption by a junior lienor, however, means a correlative privilege on the part of the senior whose mortgage has gone through foreclosure. The junior lien, in the begininng, was subject to redemption on the part of the mortgagor. The latter, of course, lost all his rights and interest when the

decree of foreclosure was entered against him. But let us remember that the junior's security consisted only of the equity of redemption, or a share in it. Hence if he redeems after a foreclosure from which he has been omitted, he is not redeeming the premises as the mortgagor would have done, but is merely acquiring the senior mortgage for the protection of his own interest. It follows that he can be met at the gate by the purchaser at the sale, whether he be the senior mortgagee or a third party, with a tender of money in payment of his debt with interest. In other words, the purchaser at the sale can dispose of the junior mortgagee by redeeming the land from his lien." 1 Glenn, Mortgages, § 86.5.

*Parcells v. Nelson*, 103 Mont 412, 63 P2d 131, is a case in which an omitted junior mortgagee sought to redeem from the purchaser at the prior foreclosure sale. Concerning his right to redeem, the court said:

"The purpose of preserving to a lienholder an equity of redemption is to protect him from loss, and if such a one receives all that he is entitled to, his lien is extinguished and, with it, his equity of redemption. On the other hand, these defendants [the purchasers at the foreclosure sale] acquired the legal title to the premises [citing cases] subject to the lien of plaintiff's mortgage, and the equity of redemption with respect to it was available to them for the purpose of clearing their title [citing cases] * * *."

The authorities cited control the decision in the pending case. Since the sheriff's deed to the plaintiff conveyed all the interests in the property except the judgment lien held by the defendant, the plaintiff acquired an owner's interest in the property entitling it to pay off the judgment of defendant and free the land of the lien. OCLA, § 6-1001. No question is raised

in this court as to the right of the clerk of the court to enter the satisfaction of judgment as permitted by OCLA, § 6-1001. Since the purchaser, having a sheriff's deed, could redeem from the junior lienholder if the latter had redeemed from the senior mortgage, and could thereby acquire unencumbered and unclouded title, we can see no reason why such junior lienholder cannot be paid off prior to any redemption. In the view we take of this case, it therefore makes no difference whether the notice of redemption by the junior lienholder was given prior to the time plaintiff paid the judgment, or how far such proceedings had been carried.

Cases cited by the defendant to show that the holder of the certificate of sale under a foreclosure proceeding has an insufficient interest in the property in question to pay a judgment which has become a lien on that property are not in point because the plaintiff here had received a sheriff's deed.

It is also argued by the defendant that the plaintiff has come to court with unclean hands, and that it is seeking equity while it refuses to do equity. But we have shown that plaintiff was under no obligation to join the defendant in the mortgage foreclosure case and that failure to do so did not affect defendant's lien.

Defendant contends that even if we should hold that the plaintiff had a right to pay off the defendant's judgment the result would merely be to give to plaintiff a choice between paying off the judgment on the one hand or suing for strict foreclosure on the other and that by suing for strict foreclosure the plaintiff made an election of remedies from which he could not withdraw. This contention is untenable.

Since the plaintiff as owner would still have had the right to pay off the defendant's judgment if the defendant had redeemed from plaintiff's mortgage, it would be useless to permit defendant to pay to plaintiff the amount of the first mortgage, only to be required to receive back the same amount from the plaintiff plus the amount of the defendant's lien. If the same result would be possible under either course of action it can hardly be said that the preliminary choice of one necessarily bars the other.

We hold that the payment by the plaintiff to the county clerk pursuant to the provisions of OCLA, § 6-1001 and the entry of satisfaction on the margin of the record discharged defendant's judgment and that thereupon the defendant ceased to be a lienholder. Having been fully paid he had no right to redeem.

The order of the trial court denying defendant's motion to require the sheriff to accept defendant's offer of redemption is affirmed.

LATOURETTE, C. J., concurs in the result of this opinion.