Argued and submitted July 26, 1985, affirmed in part, reversed in part and remanded
February 12, 1986

# BAGGAO,
*Plaintiff-Appellant,*

*v.*

# MASCARO,
*Defendant - Third-Party Plaintiff-Respondent,*

*v.*

# LINCOLN SAVINGS AND LOAN et al,
*Third-Party Defendants-Appellants.*

(84-0217C; CA A33902)

714 P2d 261

Bennett H. Goldstein, Portland, argued the cause for

appellants. With him on the briefs were Bertrand J. Close and Stoel, Rives, Boley, Fraser & Wyse, Portland.

George J. Gregores, Portland, argued the cause for respondent. On the brief was Glenn H. Prohaska, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Plaintiff Baggao appeals from a judgment for defendant Mascaro in this action brought to strictly foreclose Mascaro's interest in real property. The issue on cross-motions for summary judgment was whether Mascaro's interest was superior to that of plaintiff. The trial court determined that it was and granted summary judgment for defendant. Third-party defendant Lincoln Savings and Loan Association is the beneficiary under a deed of trust from plaintiff; its interest in the property is dependent on plaintiff's interest. On Mascaro's motion, judgment was entered dismissing third-party defendant Safeco Title Insurance Company on the ground that it had never appeared. Safeco does not assign as error the trial court's judgment dismissing it from the case, and we therefore affirm that judgment.

In September, 1979, Rodrick and Barbara Boston deeded real property to "H. D. Eklem and James Eklem doing business as Starbrite Investment Co.," for a consideration of $71,340. To secure a loan of $25,000, First State Bank of Oregon (now Pacific Western Bank) was granted the beneficial interest under a trust deed to the property executed by "H. D. Eklem, James Eklem, dba Starbrite Investment Company." The trust deed was recorded on December 17, 1979. On March 17, 1982, "Starbrite Investment Co.," by James Eklem, gave a mortgage to defendant, to secure a loan of $16,500; the mortgage was recorded on March 25, 1982.

The Eklems defaulted on their debt to Pacific Western, and on April 5, 1982, it commenced foreclosure of the trust deed by advertisement and sale. ORS 86.735. The foreclosure report it obtained did not show defendant's lien, and no notice of the sale was sent to him. In July, 1982, defendant's attorney learned of the proposed sale and informed Pacific Western of defendant's junior interest in the property. Notwithstanding that information, Pacific Western did not give the statutory notice to defendant, and defendant did not participate in the sale, although he was aware of it. Instead, prior to the trustee's sale, he commenced a judicial foreclosure of his mortgage on September 7, 1982, without joining Pacific Western as a defendant. On September 22, 1982, Pacific Western purchased the property at its foreclosure sale for the amount of the debt, $27,211.23.

Defendant's foreclosure action against Starbrite and James Eklem was resolved in his favor on January 19, 1983. One year later, on January 16, 1984, Pacific Western conveyed the property to plaintiff. To secure a loan for the purchase, plaintiff executed a trust deed in which Lincoln Savings and Loan was the beneficiary and Safeco the trustee.

This proceeding is for judicial foreclosure commenced by Pacific Western in February, 1984, in order to clear the cloud of defendant's lien from plaintiff's title to the property. Plaintiff was substituted for Pacific Western. The trial court granted defendant's motion for summary judgment, denied plaintiff's cross-motion and issued a decree foreclosing defendant's mortgage, holding that it is superior to any interest or claim of plaintiff or Lincoln Savings.

Plaintiff asserts several reasons why defendant never obtained an interest in the property or that, if he did, it is void as to plaintiff. Whether the mortgage from Starbrite to defendant was valid has been determined in favor of defendant in his foreclosure action against James Eklem, and plaintiff may not collaterally attack that judgment. The only legitimate question that plaintiff may raise is whether, even though the mortgage was valid, the recording of it constituted constructive notice to Pacific Western because it might not appear in the chain of title. That question, however, became moot when Pacific Western received actual notice of defendant's claim of lien before the trustee's sale. At that time, Pacific Western could and should have given defendant notice of the pending sale.

Plaintiff contends that, in any event, his interest in the property remains superior to that of defendant and that defendant has no more than a right to redeem the property from plaintiff or to be forever foreclosed of his interest in it. Although defendant concedes that Pacific Western's interest in the property was superior to his interest, he claims that, when Pacific Western acquired the property at the foreclosure sale, its lien was extinguished and that, when it transferred the property to plaintiff, plaintiff took it subject to defendant's lien, which, he contends, had become a first lien.

■ Under ORS 86.770(1), a trustee's foreclosure sale has the same effect as a judicial sale on foreclosure of a mortgage. It terminates all interests in the property covered by the trust

deed of all persons to whom notice is given, but has no effect on the interests of persons to whom notice is not given. *Portland Mtg. Co. v. Creditors Prot. Ass'n,* 199 Or 432, 262 P2d 918 (1953). Notice of a foreclosure sale must be given at least 120 days before the date of the sale to

> "[a]ny person * * * having a lien or interest subsequent to the trust deed if the lien or interest appears of record or the beneficiary has actual notice of the lien or interest." ORS 86.740(1)(c).

■ When Pacific Western foreclosed on its security interest by advertisement and sale, it failed to give the required notice to defendant, a junior lienor. That defendant had actual knowledge of the sale does not relieve Pacific Western of its obligation to give the statutory notice. Defendant's lien was not foreclosed; it retained the same priority as against Pacific Western's lien that it held before the sale. *Portland Mtg. Co. v. Creditors Prot. Ass'n, supra.*

There is no doubt that Pacific Western's interest with respect to defendant's lien remained unchanged and could be strictly foreclosed. As the court stated in *Portland Mtg. Co. v. Creditors Prot. Ass'n, supra:*

> "Just as the omitted junior lienholder retains the rights he had in the property subject to the lien, so the senior mortgagee retains rights with respect to the junior lienholder which are the equivalent of those held by him before the foreclosure of his mortgage. The purchaser at the foreclosure sale, whether he be the mortgagee or a third party, is vested with the rights of the mortgagee as against any omitted parties in the foreclosure suit, and may proceed to cut off the junior lien by suit for strict foreclosure. By the decree the junior lienor will be required to redeem or be barred of any rights in the property. * * *" 199 Or at 440.

The question here is whether plaintiff, when he purchased the property from Pacific Western after the latter purchased it at the foreclosure sale, also acquired Pacific Western's right to strictly foreclose defendant's interest. Although defendant contends that, because Pacific Western no longer has a proprietary interest in the property, the right to foreclose his interest has ceased, he cites no authority and articulates no reason why that is, or should be, the law.

■ When plaintiff purchased the property from Pacific

Western, he acquired all of his grantor's interest in it. Included in that interest was the right to exercise any rights in the property that the grantor had. Certainly, an important right here is the right to strictly foreclose a lien that had been overlooked at the time of the trustee's sale. If plaintiff had purchased the property at the sale, he would have been vested with the right to do so, *Portland Mtg. Co. v. Creditors Prot. Ass'n, supra,* and we can perceive no reason why he may not do so as a purchaser from the purchaser at the sale. Neither can we perceive any reason why defendant should be in a better position under the circumstances here than he would be if Pacific Western had not sold the property to plaintiff. He has done nothing to justify the advancement in priority of his lien.

The trial court erred in granting summary judgment for defendant. The judgment decreeing foreclosure of defendant's lien is reversed. Because we have held that, as a matter of law, plaintiff is entitled to a judgment strictly foreclosing defendant's interest, we remand for entry of such a judgment, which shall grant defendant 60 days within which to redeem the property by paying plaintiff the amount he would be required to pay any purchaser at a sheriff's sale pursuant to ORS 23.540.

Dismissal of Safeco affirmed; in all other respects reversed and remanded for entry of judgment for plaintiff strictly foreclosing defendant's lien and granting defendant 60 days within which to redeem by paying all amounts required by ORS 23.540.