Submitted on brief April 27, affirmed July 29, 1976

COOPER, nka O'NEAL, *Respondent,*
*v.*
COOPER, *Appellant.*

552 P2d 536

On the brief for appellant was David C. Bond, of Kitson & Bond, Portland.

No appearance contra.

Before O'Connell, Chief Justice\*, and McAllister, Denecke\*\*, Holman, Tongue, Howell and Bryson, Justices.

HOWELL, J.

---

\*Chief Justice when case was submitted.
\*\*Chief Justice when case was decided.

## HOWELL, J.

This is a motion to "vacate the judgment," seeking in effect to set aside a decree entered February 8, 1971, which granted strict foreclosure of a mortgage on defendant's property. The trial court denied the motion and defendant appeals.

The facts are not in dispute. Plaintiff prevailed in a suit for a mortgage foreclosure on defendant's real property. The trial court found that "[i]t is equitable that the expenses incident to a foreclosure sale be avoided for the benefit of the defendant," and ordered strict foreclosure unless the defendant paid the entire balance due within 30 days. The court also entered a money judgment against the defendant for the amount due, but provided that if plaintiff acquired title to the property the money judgment would be deemed satisfied. There was no appeal from this decree.

More than four years later, defendant filed his motion seeking to set aside the decree on the grounds that the decree was in excess of the court's jurisdiction in that it purports to grant strict foreclosure of a real estate mortgage. In his brief on appeal, defendant summarizes his argument as follows:

"Defendant contends that foreclosure by judicial sale is the exclusive remedy for foreclosing a mortgage on real property in Oregon, in view of ORS 88.010, providing that, '. . . a lien upon real or personal property . . . whether created by mortgage or otherwise, shall be foreclosed, and the property adjudged to be sold to satisfy the debt secured thereby by a suit.' This statute cuts off every other method of foreclosure, and thus limits the general equity powers of the court, which, therefore, does not have the power to substitute strict foreclosure, and an attempt to do so is in excess of the court's jurisdiction and void.

"* * * * *

"In any view of the case, defendant contends that in a strict foreclosure, the plaintiff cannot have a personal judgment and the property besides, and a decree attempting to give such double relief is void as to the personal judgment awarded."

■■ Defendant is correct in arguing that the trial court's action in granting strict foreclosure of the mortgage on his property was contrary to the provisions of ORS 88.010. However, it does not follow that the error was jurisdictional. The circuit court is one of general jurisdiction and has the power to grant a decree of strict foreclosure in an equity suit. The fact that this was not an appropriate case for strict foreclosure is beside the point. As this court stated in *Rogue Val. Mem. Hosp. v. Salem Ins.,* 265 Or 603, 611, 510 P2d 845 (1973):

> "* * * as a general rule, if the court has jurisdiction over the parties and the subject matter, the ensuing judgment, even if erroneous is not void and cannot be collaterally attacked until reversed or annulled, no matter how erroneous it may be. * * *"

*Accord, Linn County v. Rozelle,* 177 Or 245, 162 P2d 150 (1945); *Skinner v. Silver,* 158 Or 81, 75 P2d 21 (1938); *Travelers Insurance Co. v. Staiger,* 157 Or 143, 69 P2d 1069 (1937). *See also* 1 Freeman on Judgments 743-44, § 357 (5th ed 1925):

> "Clearly, a judgment given by a court that has obtained jurisdiction can be considered a nullity only when that jurisdiction has been lost or exceeded. If the court in rendering the judgment stays within the powers conferred upon it by law and does not transcend the jurisdiction it has acquired in the particular case, its decision, however erroneous, is at most voidable and not for that reason subject to challenge in an independent proceeding. The decision may be palpably wrong in its deductions from the facts or its conclusion upon the legal points presented but these are matters for direct relief, available on appeal and reasons perhaps for reversal; they cannot be pleaded against the record collaterally, for to say that a court is divested of its jurisdiction to decide matters properly brought before it by deciding them erroneously, is to deny it the very power it is called upon to exercise." (Footnotes omitted.)

■ Since the defendant did not appeal from the decree entered by the trial court, and since the errors he now

complains of are not jurisdictional, his attempt to collaterally attack the decree must fail.

Affirmed.