Submitted on record and briefs May 19, reversed and remanded July 12, petition for review denied October 31, 1995 (322 Or 228)

STATE OF OREGON,
Acting by and through the
DIRECTOR OF VETERANS' AFFAIRS,
*Appellant,*

*v.*

Thomas J. MARTIN,
*Respondent,*

*and*

UNITED STATES OF AMERICA
INTERNAL REVENUE SERVICE,
William Van Vactor, David Burks,
Oregon Department of Veterans Affairs
and Oregon Department of Transportation,
*Cross-Defendants.*

Thomas J. MARTIN,
*Third-Party Plaintiff,*

*v.*

William C. GRANT
and Robert J. Wright,
*Third-Party Defendants,*

*and*

UNITED STATES OF AMERICA
INTERNAL REVENUE SERVICE,
William Van Vactor, David Burks,
Oregon Department Of Veterans Affairs
and Oregon Department Of Transportation,
*Additional Third-Party Defendants.*

(16-90-02710; CA A82703)

898 P2d 230

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Harrison Latto, Assistant Attorney General, filed the briefs for appellant.

Thomas J. Martin filed the brief *pro se*.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P. J.

## DEITS, P. J.

The Department of Veteran's Affairs (plaintiff) was the mortgagee of certain real property belonging to the Wrights. After the mortgage was executed and recorded, the Wrights entered into an agreement, variously described as a lease or lease-option, with Thomas Martin (defendant) as the tenant. The Wrights defaulted on their debt to plaintiff. Plaintiff brought a foreclosure action, to which defendant was not named a party, and plaintiff ultimately purchased the property at a sheriff's sale. After the redemption period passed without a redemption taking place, plaintiff brought this ejectment action against defendant, who refused to surrender possession. On cross-motions for summary judgment, the trial court ruled in defendant's favor, and entered a judgment giving him the right to possession conditioned upon the payment of rent to plaintiff.

■    Plaintiff appeals, and assigns error to the granting of defendant's motion and the denial of its own. Plaintiff first contends that, contrary to the trial court's decision, a foreclosing lienholder is entitled to possession after the redemption period has passed, as against a tenant whose leasehold interest was created after the lienholder's secured position was created. *See* ORS 23.590. Plaintiff's argument is dispositively supported by *Foley v. Bouvy*, 158 Or 327, 335, 75 P2d 14 (1938).

■    The parties also dispute the effect of plaintiff's failure to name defendant as a party to the foreclosure action. A person with a leasehold interest in property is not a necessary party to a foreclosure action. ORS 88.030. Even in the case of necessary parties, however, a foreclosing lienholder's failure to join them does not affect the respective ultimate rights of the parties in the property. If the omitted party is a junior lienholder, the plaintiff may simply bring a second action, and "a resale of the premises affords defendants every right which they would have had if they had been properly joined." *Monese v. Struve*, 155 Or 68, 76, 62 P2d 822 (1936). Here, this action itself provides a sufficient occasion for the parties to vindicate every right that they have in the property: Plaintiff has the right to possession, and defendant's right to possession was extinguished before the action began. He never had redemption or other rights in the property that could have

been protected in the foreclosure proceedings. The trial court erred by granting defendant's motion and by entering the judgment in his favor.

■ Plaintiff also argues that the court erred by denying its summary judgment motion. Insofar as the two motions deal with the right to possession, plaintiff's positions are correct for the same reasons that defendant's are wrong. However, in its motion, plaintiff also sought damages pursuant to ORS 105.030 for defendant's withholding of possession. It maintains that the amount is undisputed. Be that as it may, this court does not award damages in the first instance. We remand to the trial court to resolve the damages issue and to enter a judgment giving plaintiff possession and any other appropriate relief.

Reversed and remanded.