DeVORE, J.
*563 This case involves conflicting claims to property that resulted from a prior judicial foreclosure of a senior trust deed and an intervening nonjudicial foreclosure of a junior trust deed. Plaintiff's complaint in the prior judicial foreclosure named as defendants the junior lender and borrowers, but failed to name as a defendant the successor to the purchaser at the intervening trustee's sale conducted for the junior lender. Plaintiff's prior foreclosure complaint also contained confusion in the description of the property, which was reflected in the initial judgments, but which was remedied in a corrected judgment.
Thereafter, plaintiff Bayview Loan Servicing, LLC (Bayview) filed this action for strict foreclosure naming as a defendant Chandler & Newville, Inc. (C & N), the successor to the purchaser at the junior lender's trustee's sale. Bayview's complaint in this action alleged that Bayview was the purchaser at the sheriff's sale conducted after its corrected judgment of foreclosure. Bayview's complaint acknowledged the omission of C & N from the prior foreclosure and assumed both the priority of Bayview's senior lien and the validity of the prior judicial foreclosure as to others. Bayview sought a subsequent judgment to require C & N to redeem the property or be foreclosed from any further interest in the property.
C & N answered with affirmative defenses, denying that Bayview had foreclosed against the same property and denying that Bayview retained any remaining lien interest. C & N counterclaimed for a declaratory judgment declaring that C & N is the owner of the property free and clear of any interest of Bayview. After cross-motions for summary judgment, the trial court granted summary judgment for defendant and dismissed plaintiff's claim. The court entered a judgment declaring that C & N is the owner of the property and that Bayview has no interest in the property at all. Bayview appeals, assigning error to the declaratory rulings and the dismissal of its complaint.
This appeal presents a number of issues that we describe later more fully. To summarize our decision, we conclude that C & N purchased an interest in the property *564 at the trustee's sale that was subject to Bayview's senior lien right; that Bayview's judicial foreclosure was effective as to the named parties and as to the property identified in the corrected judgment; that, when Bayview purchased the property at its foreclosure sale, Bayview's senior lien right, with respect to C & N, survived without being exhausted or merged; and that, in those circumstances, strict foreclosure of C & N's surviving interest is permissible, subject to C & N's right of redemption.
I. FACTS
A. Prior Proceedings
In July 2005, Catherine and Tho Pham borrowed $200,000 from Silver Hill Financial, LLC (Silver Hill), executed a promissory note, and secured it with a trust deed for the benefit of Silver Hill. The trust deed correctly *156 identified the property with a street address as 3552-3556 NE Sandy Blvd, Portland, Oregon, and with a legal description as "Lot 6, Block 32, Laurelhurst, in the City of Portland, County of Multnomah and State of Oregon." The trust deed was duly recorded. Silver Hill assigned its beneficial interest as the lender to Bayview, and that assignment was duly recorded in February 2006.
In September 2007, the Phams borrowed money from JPMorgan, Chase Bank, N.A (Chase Bank) and secured their note with a second trust deed to the same property. The trust deed was duly recorded.
In 2011, the Phams defaulted on their payments to Bayview. Bayview filed an action in July 2012 for judicial foreclosure against the Phams, Chase Bank, judgment creditors, and unknown occupants. Bayview alleged that the Phams were the owners of the subject property with a street address as 3552-3556 NE Sandy Blvd, Portland, Oregon 97232, with an assessor's parcel number R202971, and with a legal description as "Lot 16 , Block 32, Laurelhurst, in the City of Portland, County of Multnomah and State of Oregon." Although the street address and assessor's parcel number were correct, the complaint identified the lot number incorrectly as Lot 16 rather than as Lot 6. The complaint attached and incorporated by reference the terms of *565 the deed of trust, which gave the property's legal description correctly as Lot 6. The complaint recited that the deed of trust had been recorded on July 13, 2005, under Recorder's File No. 2005-128832.[1]
After an order of default, the trial court entered a limited judgment against Chase Bank on November 5, 2012. The limited judgment, like the complaint, referred to the subject property with the correct street address and assessor's parcel number but with the incorrect legal description of "Lot 16," rather than Lot 6. Resolving the priority of Bayview's interest, the limited judgment stated, in pertinent part:
"1. The defendant JPMorgan Chase Bank, NA is in default and such default is hereby entered.
"2. Plaintiff's deed of trust recorded on 07/13/2005 under Recorder's File No. 2005-128832 against real property described as 3552-3556 NE Sandy Blvd, Portland, OR 97232, parcel number R202971, and legally described as Lot 16, Block 32, Laurelhurst, in the City of Portland, County of Multnomah and State of Oregon is a valid lien against the Property and that the lien is superior to any interest, lien or claim of the Defendant JPMorgan Chase Bank, NA (or any of them), in the Property.
"3. The deed of trust is foreclosed and all interest that Defendant JPMorgan Chase Bank, NA (or any of them) has in the Property on or after 07/13/2005 in the Property shall be sold by the Sheriff of Multnomah County, in the manner provided by law and in accordance with the practice of this Court.
*566 "* * * * *
"8. That Defendant JPMorgan Chase Bank, NA (and each of them), and all persons claiming through or under Defendants (and each of them), as purchasers, encumbrances, or otherwise, are forever foreclosed of all interest, lien, or claim in the Property and every portion thereof excepting only any statutory right of redemption as Defendants may have herein."
No appeal was filed, nor any motion to set aside that limited judgment.
*157 Eight days later, on November 13, 2012, the trustee for Chase Bank conducted a trustee's sale to nonjudicially foreclose the junior trust deed of Chase Bank on the property. For $60,383, the trustee conveyed to Chandler + Newville, Inc. (C+N) the interest in the property of the debtors, the Phams.[2] At that time, the Phams' interest in the property had not yet been foreclosed in Bayview's judicial proceedings. On November 20, 2012, C+N conveyed to defendant C & N its interest in the property with a bargain and sale deed, and the deed was duly recorded.
On September 12, 2013, the court, in Bayview's proceedings, entered a general judgment that foreclosed the Phams' interest. Like Bayview's complaint and the limited judgment against Chase Bank, the general judgment referred to the property with the correct street address (3552-3556 NE Sandy Boulevard) and assessor's parcel number (R202971) but incorrect lot number (Lot 16, rather than Lot 6), while foreclosing Bayview's trust deed, which contained the correct lot number (Lot 6), and which was recited as could be found under Recorder's File No. 2005-128832.
On March 13, 2014, Bayview bid $267,000 at the sheriff's sale to acquire the property subject to a right of redemption.[3]
On April 14, 2014, Bayview filed a motion for relief from the judgment, seeking to correct a clerical or scrivener's *567 error in the judgment's reference to "Lot 16." Bayview relied upon ORCP 71 A and other authorities.[4] In her declaration, Bayview's attorney noted that the street address and assessor's parcel number were correctly listed in all documents, that a copy of the trust deed, containing the correct legal description, street address, and parcel number, was attached to the complaint and incorporated by reference, and that the parties to the foreclosure had been served with the complaint and the trust deed with the correct lot reference. On the same date, the trial court entered a corrected general judgment of foreclosure, which eliminated the internally inconsistent references to the lot number.
On October 28, 2014, the trial court entered an order to require that a sheriff's deed should conform to the corrected judgment. On November 18, 2014, the sheriff issued a sheriff's deed to Bayview for "Lot 6." The sheriff's deed acknowledged that the time for the named defendants to have redeemed had then expired and that Bayview was the owner of "Lot 6."
B. Present Proceedings
On June 3, 2014, after the corrected foreclosure judgment, but before receiving the sheriff's deed, Bayview filed this action against C & N. Bayview alleged that it had judicially foreclosed its senior trust deed and all subordinate interests required under the law, excepting the interest of C & N. Bayview alleged that C & N, which had acquired its interest during the prior foreclosure proceedings, had been omitted as a party to that proceeding. Bayview alleged that C & N had a statutory right to redeem the property. To force a choice, Bayview asked the court to require C & N to redeem or be foreclosed of any interest in the property.
C & N answered, denying that Bayview had accomplished any foreclosure against the subject property and asserting a counterclaim for judgment to declare that C & N was the true owner of the property, free and clear of any interests of Bayview. C & N moved for summary judgment *568 against Bayview's claims and on its counterclaim for declaratory relief. Bayview filed a cross-motion for summary judgment on its claim against C & N. At the conclusion of a hearing, the trial court indicated its decision to *158 grant C & N's motion and to deny Bayview's cross-motion. The court explained that
"the foreclosure process is strict and must follow the statutes and did not. Lot 6 was never foreclosed, only Lot 16, in the full sense of that process.
"Number two, [C & N] does have an ownership interest, and as such, was entitled to notice statutorily, presumptively getting notice under the statutory scheme during the process, before the foreclosure sale, and didn't get that. So for those reasons, and other things that we discussed, I am granting defendant's motion and denying plaintiff's motion."
The trial court issued an order granting C & N's motion and denying Bayview's motion. Bayview moved for relief from the judgment under ORCP 71 A, but without success. The trial court entered a general judgment that dismissed Bayview's claim against C & N, concluded that C & N is the owner of the property, and declared that Bayview does not own the property or have any interest in it.
C. This Appeal
Bayview appeals. Bayview asserts, first, that the trial court erred in granting summary judgment declaring C & N to be the owner of the property free of Bayview's senior lien interest and, second, that the trial court erred in granting summary judgment to C & N dismissing Bayview's claim.
As to the first issue, Bayview argues that C & N, although omitted as a party, was always on notice of Bayview's senior lien interest as reflected in its duly recorded trust deed with its correct property description. Bayview argues that, during its foreclosure proceedings, C & N purchased the Phams' interest at Chase Bank's trustee's sale, but did so subject to Bayview's outstanding senior lien. Bayview argues that any problem in the property description was cured with the corrected judgment. Bayview argues that the prior foreclosure resulted in a valid judgment at *569 least as to those parties named. Bayview disputes that the effect of Bayview's purchase of the property is to extinguish Bayview's senior lien interest, leaving C & N as owner of the property free and clear of Bayview's lien. Bayview concludes that, in making such a declaration, the trial court erred.
As to the second issue, Bayview argues that the proper procedure, when a party has been omitted from the prior foreclosure proceeding, is to name the omitted party in a subsequent proceeding to require the omitted party to elect to redeem or be foreclosed. Because the trial court dismissed that claim, Bayview concludes that the trial court erred again.
C & N responds with a number of arguments, some of which we reject without discussion.[5] As to the first assignment of error, C & N argues that the trial court did not err in effectively discharging Bayview's senior lien interest and declaring C & N the owner of the property free and clear of Bayview's interest. First, C & N reasons that Bayview succeeded only in foreclosing a different property-Lot 16, not the subject property. Second, C & N reasons that Bayview's interest was exhausted or merged when Bayview purchased the property at the sheriff's sale. As to the second assignment of error, C & N argues that strict foreclosure is not a permissible remedy by which to foreclose the interest of a previously omitted party who, in the interim, has become an owner in fee simple.
On review of rulings on C & N's motion for summary judgment, we review the record to determine if there are genuine issues of material fact. If there are none, we consider whether C & N was entitled to judgment as a matter of law. ORCP 47 C; Jones v. General Motors Corp. , 325 Or. 404, 420, 939 P.2d 608 (1997). We view the evidence and all reasonable inferences that may be drawn from the evidence in the light most favorable to the party opposing the motion. Id. Where, *570 as here, the parties filed simultaneous *159 cross-motions for summary judgment on the same claim, the record includes the evidence submitted by both parties, even if Bayview only assigned error to the granting of C & N's motion. See WSB Investments, LLC v. Pronghorn Development Co., LLC. , 269 Or. App. 342, 355, 344 P.3d 548 (2015) (describing such review).
II. LAW
A. First Assignment of Error
We begin with the elemental facts that will drive the conclusion. There is no dispute that Bayview's 2005 trust deed was recorded before Chase Bank's 2007 trust deed. And, there can be no dispute that, when Bayview filed for judicial foreclosure, Bayview's lien interest was senior, while Chase Bank's lien interest was junior. That priority results from the preference given prior recorded interests. See ORS 93.710(1) (establishing that priority by providing that recording "constitutes notice to third persons of the rights of the parties"); see also Federal Deposit Ins. Corp. v. Davis , 82 Or. App. 8, 727 P.2d 133 (1986) (holding that bank held superior interest when at the time it recorded mortgage, third party had not yet recorded his trust deed to same property).
Given that priority, when C+N purchased at Chase Bank's trustee's sale, C+N took an interest that was subject to Bayview's outstanding senior lien interest in the property. See Giesy v. Aurora State Bank , 122 Or. 1, 6, 255 P. 467, reh'g den. , 122 Or. 1, 256 P. 763 (1927) (a foreclosure by a junior mortgagee has no effect on the interest of the senior mortgagee). At that trustee's sale, C+N did not buy an interest in the property that was free and clear of Bayview's senior trust deed. See id . The trustee for Chase Bank could only convey to C+N the interest that the Phams had in the property at the time of their second trust deed in 2007, and no more. See ORS 86.782(4)(e) ("The trustee's deed conveys to the purchaser the interest in the property that the grantor had, or had the power to convey, at the time the grantor executed the trust deed * * *."). In effect, "the purchaser steps into [the owner's] shoes, and, in order to preserve his rights and perfect his title, he must pay off all prior liens."
*571 Pillsbury v. McGarry , 69 Or. 261, 265, 138 P. 836 (1914). For that reason, the deed that C+N received in the nonjudicial foreclosure came with disclaimers or warnings about the nature of the potentially compromised interest purchased.[6]
We reject C & N's argument that there was no effective judicial foreclosure against the Phams or Chase Bank with regard to the subject property because the limited and general judgments initially referred to Lot 16 rather than Lot 6, Block 32, Laurelhurst, in Portland. It is true that the complaint and the initial judgments contained an internal inconsistency, but it is also true that the complaint, limited judgment, and general judgment referred to the property with the correct street address and assessor's parcel number, and all those documents recited that the trust deed could be found at Recorder's File No. 2005-128832. That trust deed contained the correct reference to Lot 6. The trust deed and its correct legal description were incorporated by reference into the complaint, were attached to the complaint, and were served on the parties to the proceeding. Although there was an inconsistency in the reference to the lot number, there was no uncertainty that the Phams' property was subject to foreclosure. It would be untenable to conclude, as does C & N, that what occurred was only a foreclosure of a fictional Lot 16-a lot that, so far as the record reflects, the Phams did not own.
Any uncertainty in the legal description of the property was resolved when the trial court entered a corrected judgment that referred to the real property with a corrected legal description of "Lot 6, Block 32, Laurelhurst, in the City of Portland." As Bayview observes, that corrected judgment declares the true results of the foreclosure *160 because, by its nature, a judgment is "the exclusive statement of the court's decision," and it "governs the rights and obligations of the parties that are subject to the judgment." See ORS 18.082(1)(a) (describing the effect of entry of judgment). Notwithstanding inconsistency in the complaint and prior *572 judgments, the trial court in the prior proceeding retained the authority at any time to correct the judgment in order to remedy clerical mistakes in judgments, orders, or other parts of the record. See ORCP 71 A ("Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own motion or on the motion of any party and after such notice to all parties who have appeared, if any, as the court orders."); Johnson v. Overbay , 85 Or. App. 576, 581-82, 737 P.2d 1251 (1987) (trial court abused its discretion when it refused to correct an error initiated in a complaint and expressed in a judgment that foreclosed on 60 acres that were no longer subject to the land sale contract). That corrected judgment, referring to Lot 6, became final, was not appealed, and may not now be collaterally attacked. See Baggao v. Mascaro , 77 Or. App. 627, 630, 714 P.2d 261 (1986) (prior judicial foreclosure may not be collaterally attacked in subsequent action).
That corrected judgment was effective with regard to the parties properly joined in the foreclosure proceeding. A senior lienholder should join junior lienholders in a foreclosure proceeding. ORS 88.030.[7] But the failure to join a junior lienholder does not invalidate a foreclosure judgment or the ensuing sheriff's sale. In Portland Mortgage Co. v. Creditors Protective Ass'n , 199 Or. 432, 439-40, 262 P.2d 918 (1953), the court observed:
"[I]t is established that although junior lien claimants are necessary parties if the decree is to affect them, nevertheless the decree of foreclosure is valid as to all parties who are properly joined even though other lienors are not joined."
See also Erne v. Goshen Veneer, Inc. , 249 Or. 357, 362, 437 P.2d 479 (1968) ("Junior lienors are not indispensable parties.").
*573 The effect of omission of a junior lienholder is only that the junior lienholder remains unaffected. In Portland Mortgage Co. , the court explained:
"The omitted junior lienholder is in the same position as if no foreclosure had ever taken place, and he has the same rights, no more and no less , which he had before the foreclosure suit was commenced."
199 Or. at 440, 262 P.2d 918 (emphasis added). Much the same thing may be said with regard to the senior lienholder and the purchaser at the sheriff's sale.
"Just as the omitted junior lienholder retains the rights he had in the property subject to the lien, so the senior mortgagee retains rights with respect to the junior lienholder which are the equivalent of those held by him before the foreclosure of his mortgage. The purchaser at the foreclosure sale, whether he be the mortgagee or a third party, is vested with the rights of the mortgagee as against any omitted parties in the foreclosure suit, and may proceed to cut off the junior lien by suit for strict foreclosure. By the [subsequent] decree the junior lienor will be required to redeem or be barred of any rights in the property."
Id. This understanding comports with the approach that Bayview took when filing this action.
Because C & N bought an interest that was subject to Bayview's senior lien, C & N can avoid Bayview's senior lien only if subsequent events somehow terminated Bayview's lien. Accordingly, C & N argues that Bayview's lien was exhausted or merged when Bayview purchased the property at its foreclosure sale. Oregon case law, however, is to the contrary.
*161 The same argument was rejected in Baggao , 77 Or. App. at 630, 714 P.2d 261. In 1979, the Eklems had borrowed and given a deed of trust on the property to the first lender. In March 1982, they borrowed again and gave a mortgage to a second lender. In April 1982, when the Eklems defaulted, the first lender initiated a nonjudicial foreclosure of its trust deed by advertisement and sale, ORS 86.735, but the lender omitted giving statutory notice to the junior lender. In September 1982, the second lender initiated a judicial foreclosure of its mortgage but without joining the first lender as a party.
*574 Later the same month, the first lender conducted its trustee's sale and purchased the property. A few months later, in January 1983, the second lender received a judgment of foreclosure on its mortgage. In 1984, the first lender conveyed the property to the plaintiff Baggao. The first lender then filed an action to strictly foreclose the second lender. Baggao was substituted as the plaintiff.
The parties filed cross-motions for summary judgment to determine whether the interest of the second lender was superior to that of Baggao. 77 Or. App. at 630, 714 P.2d 261. Like C & N in our case, the second lender argued that the senior lender's interest was satisfied when it spent its debt in purchasing the property, such that no lien interest survived when the senior lender, who purchased, conveyed the property to Baggao. Further, the second lender argued that Baggao took the property subject to the second lender's lien, which now became a first lien. Id .
We were unpersuaded. Citing the same principles of Portland Mortgage recounted above, we observed that, when the first lender foreclosed but without required notice to the junior lender, the lien of the junior lender was not foreclosed, and it retained the same priority in relation to the senior lender as before the trustee's sale. Id . at 631, 714 P.2d 261. By the same token, the interest of the senior lender remained unchanged and could yet be strictly foreclosed. Id . That priority remained despite the foreclosure sale to the senior lender and even its subsequent conveyance to another purchaser. Id . at 631-32, 714 P.2d 261. We concluded:
"When plaintiff purchased the property from [the senior lender], he acquired all of his grantor's interest in it. Included in that interest was the right to exercise any rights in the property that the grantor had. Certainly, an important right here is the right to strictly foreclose a lien that had been overlooked at the time of the trustee's sale."
Id . We held that the trial court erred in granting summary judgment for the junior lender, and we remanded for entry of a judgment of strict foreclosure but with a right of redemption. Id .
Our decision in Baggao paralleled an earlier decision of the Supreme Court in *575 Monese v. Struve , 155 Or. 68, 62 P.2d 822 (1936). In that case, the Elks Lodge had borrowed and given a mortgage to a lender. The next year, the Elks Lodge gave an easement to Hanscom to build a party wall on the property. Upon default, the lender foreclosed on the mortgage, naming the Elks Lodge and junior lienors, but not Hanscom, who held the property right in the easement. The lender bought the property in the foreclosure sale and conveyed it to the plaintiff. The plaintiff filed an action to foreclose the easement interest of Hanscom's estate and related defendants. Id. at 73-74, 62 P.2d 822 Like our case, the prior foreclosure had not been set aside. Id. at 75, 62 P.2d 822. And, like our case, the defendants, who held a property interest in the subject property, contended that the lien of the mortgage was exhausted by the foreclosure. Id. They argued that, because the foreclosure and sale "destroyed" the mortgage, the plaintiff could not again foreclose against the easement. Id .
The Supreme Court disagreed. The court observed that the subject property was mortgaged before the easement was created, and, as a consequence, it "would seem strange" if the original owner could mortgage his property, then later create by deed a "valuable interest" in the property that would escape the effect of the mortgage. Id . at 76, 62 P.2d 822. The court recounted that, in a suit to foreclose a mortgage, the owners of an interest in land are necessary defendants.
*162 Id . at 77, 62 P.2d 822. Yet, "[w]here a necessary party is omitted from such foreclosure, the decree is good as to those properly joined." Id . The foreclosure was "valid as to the Elks Club, the mortgagor," but "was invalid and ineffectual for any purpose as to the interests of the defendant in the party wall." Id . at 76, 62 P.2d 822. The parties' respective rights remained as they were before. Id . The defendants still held their interest "subject to the mortgage." Id. at 78, 62 P.2d 822. The court explained that "[f]oreclosure and sale destroy the mortgage and exhaust its lien only so far as it affects persons and interests properly joined and served." Id . at 80, 62 P.2d 822. As a consequence,
"[t]he decree of foreclosure being ineffective as to the defendants, the mortgage is not destroyed as to their interest in the land, nor is it merged in the purchase by plaintiff at sheriff's sale under the decree of foreclosure."
Id . at 78, 62 P.2d 822. The court concluded that plaintiff was entitled to pursue the subsequent foreclosure against the omitted *576 parties who held an interest in the land, affording the defendants a right of redemption. Id. at 75, 84, 62 P.2d 822.
The same principles govern here. Bayview's corrected judgment of foreclosure was effective as to all named parties, including the Phams and Chase Bank. Bayview's senior lien interest survived judicial foreclosure and the subsequent sale with regard to the interest acquired in the interim by C & N. C & N's interest remained subject to Bayview's lien, and Bayview was entitled to pursue foreclosure in order to resolve C & N's interest, providing a right of redemption. See Portland Mortgage Co. , 199 Or. at 439-440, 262 P.2d 918 (survival of senior interest); Monese , 155 Or. at 75-78, 62 P.2d 822 (same); Baggao , 77 Or. App. at 631-32, 714 P.2d 261 (same); see also W. J. Seufert Land Co. v. Greenfield , 273 Or. 408, 412, 541 P.2d 814 (1975) ("Thus it is held that where a first mortgagee acquires the mortgagor's interest, the first mortgage does not merge with it so as to elevate the second mortgage to a position of a first and only mortgage."). Accordingly, the trial court erred when granting C & N's motion for summary judgment and thereafter entering judgment declaring that C & N owned the subject property free and clear of any interest of Bayview.
B. Second Assignment of Error
Our resolution of the first assignment of error largely resolves the second assignment. In its second assignment Bayview contends that the trial court erred in granting C & N's motion for summary judgment seeking dismissal of Bayview's claim for strict foreclosure. The rationale underlying the dismissal was the same rationale underlying the declaratory rulings. C & N argued that there had been no effective foreclosure of Lot 6 and that Bayview's interest had not survived its foreclosure and foreclosure sale. According to C & N, Bayview had nothing left to foreclose. For the reasons already explained, those arguments do not justify dismissal of Bayview's claim.
On appeal, C & N urges an additional argument that the principles allowing strict foreclosure of an omitted junior lienholder should not apply as to an owner in fee simple. C & N seems to make two arguments.
*577 First, C & N argues that strict foreclosure as against an owner is inconsistent with Oregon's lien theory of mortgages. See generally Land Associates, Inc. v. Becker , 294 Or. 308, 312-14, 656 P.2d 927 (1982) (reviewing historic differences between a title theory of mortgages and a lien theory of mortgages). We are unpersuaded. C & N cites no authority for its proposition, and C & N does not develop the argument sufficiently to support a distinction between omitted owners and omitted lienholders.
Second, C & N argues that strict foreclosure is not appropriate to foreclose an owner's interest in property, relying on Cooper v. Cooper , 275 Or. 627, 552 P.2d 536 (1976). The circumstances there, however, were different. In Cooper , the plaintiff in an earlier proceeding had persuaded the court to grant strict foreclosure of a mortgage on defendant's property without a judicial sale as required by ORS 88.010 (1975).[8] Although *163 the reason was not recounted in the opinion, the trial court found that it was "equitable that the expenses incident to a foreclosure sale be avoided for the benefit of the defendant." Id . at 629, 552 P.2d 536. Defendant did not appeal, and four years passed. Eventually, defendant filed a proceeding to set aside the foreclosure decree, arguing that in the judgment the trial court had exceeded its authority to foreclose without a judicial sale. On appeal, the Supreme Court observed that, in the earlier proceeding, the trial court had acted contrary to ORS 88.010 to grant strict foreclosure without a judicial sale, but the Supreme Court concluded that the error was not jurisdictional and that the judgment could not later be collaterally attacked. Id . at 630, 552 P.2d 536.
Cooper is distinguishable. In that case, there was no omitted party in a prior foreclosure; there was no follow-up proceeding to require an omitted party to redeem or be foreclosed; and the decision addressed no distinction to be made as between omitted owners and lienholders with regard to the lien rights of a senior lienholder after an initial foreclosure and sale. It was instead a later proceeding *578 that attempted to set aside a foreclosure judgment for want of a judicial sale. The decision is no support for an argument that, following a valid foreclosure and judicial sale as to the borrower and junior interests, the senior lender or subsequent purchaser cannot pursue strict foreclosure to require an omitted party with some form of possessory interest to elect whether to redeem by paying the sale price or be foreclosed.
C & N's proposition that strict foreclosure is inappropriate against an owner, in these circumstances, has no support in precedent. As previously discussed, the remedy of foreclosure, subject to redemption, was enforced in Monese , 155 Or. at 75, 85, 62 P.2d 822. That remedy was enforced against a possessory interest in land. In particular, the remedy was enforced against the holder of an easement-the so-called "dominant estate" in relation to the "servient estate" of the owner of land. The case did not concern a junior lienholder.[9]
More recently, in State ex rel . Director of Veterans' Affairs v. Martin , 135 Or. App. 416, 898 P.2d 230, rev. den. , 322 Or. 228, 904 P.2d 1070 (1995), we applied the same principles to a lessee-another sort of possessory interest in the subject property. The Department of Veterans' Affairs (DVA) had taken a mortgage in real property and brought a foreclosure action against the owner but failed to name the tenant as a party. After foreclosure, the tenant refused to surrender the property. The DVA filed an ejectment action, but the trial court entered judgment for the tenant. On appeal, we observed that, even with necessary parties, a foreclosing lienholder's failure to join a party does not affect the respective rights of the parties in the property. Id . at 419, 898 P.2d 230. That principle held true with regard to a lessee's possessory interest. We concluded that the trial court erred in denying DVA's motion for possession of the property. Id . at 420, 898 P.2d 230.
Other than as discussed, C & N has not offered a principled distinction between omitted junior lienholders and omitted holders of possessory interests in land with regard to the remedy of strict foreclosure that provides the *579 omitted party a right of redemption. Accordingly, we reject C & N's argument that strict foreclosure was unavailable, in these circumstances, as against an intervening, omitted, junior possessory interest in the property.
At the time C+N (then C & N) purchased its interest, Chase Bank had already been foreclosed by a limited judgment in favor of Bayview, the twice-mortgaged interest of the Phams was subject to Bayview's pending foreclosure proceeding, and Bayview was on record with a senior trust deed on the property. Thus, C & N acquired rights subject to Bayview's senior lien. By having been made a *164 party to this subsequent proceeding and receiving a right of redemption, C & N will acquire a right to effectively preempt the foreclosure sale by making itself the purchaser if it redeems. Essentially, redemption would become a resale. That opportunity makes apt an observation that the Supreme Court made in Monese :
"A resale of the premises affords defendants every right which they would have had if they had been properly joined as parties in the first foreclosure and subjects them to no additional inconvenience or hardships."
155 Or. at 76, 62 P.2d 822. The same is true where strict foreclosure affords C & N a right of redemption. It is the same right of redemption afforded to the Phams (the borrowers and original property owners) or Chase Bank (a junior lienholder).
Finding no justification for dismissal of Bayview's claim, we conclude that the trial court erred.
III. CONCLUSION
The trial court erred both in declaring C & N the owner of the subject property free and clear of Bayview's senior lien interest and in dismissing Bayview's claim for strict foreclosure, subject to a right of redemption. Bayview did not assign error to denial of its cross-motion for summary judgment. Consequently, further proceedings on Bayview's claim remain for the trial court's determination. Accordingly, we reverse and remand for proceedings consistent with this opinion.
Reversed and remanded.

Bayview's counsel argued in the trial court that Bayview had recorded in the county property records a notice of lis pendens correctly identifying the property's street address and parcel number but incorrectly identifying the property as Lot 16, rather than Lot 6. A copy of that notice of lis pendens was filed in the court records of the prior proceeding. On appeal in the present proceeding, C & N has acknowledged that such notice was recorded but asserts that it was ineffective because it referred to "Lot 16," not "Lot 6."
The parties have not argued, and we do not address, whether the street address and reference to the property-records number where the trust deed and legal description can be found serve to provide "substantially" the notice described in ORS 93.740(4) (requiring "substantially" the statutory form of notice) and ORS 93.600 (providing that a property description may be by lot and block numbers, metes and bounds, reference to the book and page number of the public record, or "in such other manner as to cause the description to be capable of being made certain").

The deed from Chase Bank's trustee to C+N stated that the trustee was conveying to C+N "all interest the grantor had or had the power to convey at the time of grantor's execution of the trust deed ***."

The figure happened to be several thousand dollars short of its judgment debt, but neither the parties, nor we, attach any significance to that fact.

Among those authorities, Bayview cited Johnson v. Overbay , 85 Or. App. 576, 581 n 5, 737 P.2d 1251 (1987) (correcting pursuant to ORCP 71 A a judgment that had erroneously foreclosed, as the complaint had alleged, an additional 60-acre parcel not actually subject to foreclosure).

We reject without discussion C & N's arguments, among others, that Bayview did not preserve its argument that C & N's declaratory claim is the equivalent of a quiet title claim; that, in this proceeding, Bayview did not plead that it had a surviving lien on the subject property; that Bayview did not preserve an argument that its corrected judgment in the prior proceeding is valid; and that the corrected judgment should now be deemed invalid because it resulted in a judgment beyond the relief sought in the foreclosure complaint.

The deed from Chase Bank's trustee advised C+N that "[t]his conveyance is made without representations or warranties of any kind," "the trustee made no representations to Grantee concerning the Property, that the trustee owed no duty to make disclosures to Grantee concerning the Property," and that the grantee was "relying solely upon his/her/their/its own due diligence investigation before electing to bid for the Property."

In part, ORS 88.030 provides:
"Any person having a lien subsequent to the plaintiff upon the same property or any part thereof, or who has given a promissory note or other personal obligation for the payment of the debt, or any part thereof, secured by the mortgage or other lien which is the subject of the suit, shall be made a defendant in the suit, and any person having a prior lien may be made defendant at the option of the plaintiff, or by the order of the court when deemed necessary."

In relevant part, ORS 88.010 (1975) provided:
"Except as otherwise provided by law, a lien upon real or personal property, other than that of a judgment or decree, whether created by mortgage or otherwise, shall be foreclosed, and the property adjudged to be sold to satisfy the debt secured thereby by a suit."

The Supreme Court modified the trial court's judgment that had directed foreclosure and sale but apparently had not provided a right of redemption. 155 Or. at 75, 85, 62 P.2d 822.