Argued and submitted August 1, 2022, affirmed August 9, 2023

Stephen BLAKELEY
and Robin Lindeen-Blakeley,
*Plaintiffs-Appellants,*

*v.*

QUALITY LOAN SERVICE CORPORATION
OF WASHINGTON
and Citibank, N.A.,
as Trustee for NRZ Pass Through Trust VI,
*Defendants-Respondents.*

Lincoln County Circuit Court
20CV18186; A175707

536 P3d 584

Plaintiffs had purchased real property at a judicial foreclosure auction and sought a declaration that the trust deed against the property held by defendant Citibank was either extinguished by the foreclosure of the other trust deed or, by operation of statute, could no longer be foreclosed against the property. The trial court granted Citibank's motion for summary judgment and entered a declaratory judgment. Plaintiffs appeal, arguing that, by statute, Citibank is barred from foreclosing on its trust deed or, alternatively, Citibank's trust deed does not have priority over plaintiffs' interest in the property. *Held*: ORS 86.797(2) does not bar subsequent foreclosures on a property pursuant to a trust deed that is not extinguished by the prior foreclosure, such as Citibank's trust deed. Additionally, plaintiffs acquired their interest with constructive notice of the priority of Citibank's trust deed over the foreclosed trust deed and, thus, acquired their interest subject to Citibank's trust deed.

Affirmed.

Sheryl Bachart, Judge.

Mark G. Passannante argued the cause and filed the briefs for appellants.

Matthew R. Cleverley argued the cause and filed the brief for respondent Citibank, N.A. Also on the brief was Fidelity National Law Group.

John Thomas filed the brief for respondent Quality Loan Service Corporation of Washington.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

Plaintiffs appeal from a declaratory judgment entered for defendants. Plaintiffs had purchased real property at a judicial foreclosure auction and sought a declaration that that the trust deed against the property held by defendant Citibank was either extinguished by the foreclosure of a different trust deed or, by operation of statute, could no longer be foreclosed against the property.[1] The trial court granted Citibank's motion for summary judgment, concluding that Citibank's trust deed had priority over plaintiffs' interest and that Citibank retained the right to foreclose against the property. On appeal, plaintiffs argue that, by operation of ORS 86.797(2), Citibank is barred from foreclosing on its trust deed or, alternatively, Citibank's trust deed does not have priority over plaintiffs' interest in the property. We conclude that ORS 86.797(2) does not bar subsequent foreclosures on a property pursuant to a trust deed that is not extinguished by the prior foreclosure, such as Citibank's trust deed. We also conclude that plaintiffs acquired their interest with constructive notice of the priority of Citibank's trust deed over the foreclosed trust deed and, thus, acquired their interest subject to Citibank's trust deed. Accordingly, we affirm.

To address plaintiffs' challenge to the trial court's grant of summary judgment, our task is to determine whether there is "no genuine issue as to any material fact" and whether the moving parties are "entitled to prevail as a matter of law." ORCP 47 C. In conducting that review, we view all facts in the light most favorable to the nonmoving parties—plaintiffs in this case—and all reasonable inferences that may be drawn from those facts. *Johnson and Henderson Partnership v. Henderson*, 321 Or App 134, 136, 516 P3d 726 (2022), *rev den*, 370 Or 714 (2023). With that standard in mind, we recite the following facts taken from the record developed on summary judgment.

---

[1] Prior to the grant of summary judgment for Citibank, the parties stipulated to a limited judgment that defendant Quality Loan Service of Washington would be bound by the court's order or judgment on plaintiffs' claims against Citibank. That stipulated limited judgment is not at issue in this appeal, and, therefore, we refer only to defendant Citibank throughout this opinion.

Prior to 2001, Louise Schier was the owner of the residential real property at issue in this case. In March 2001, Schier and her daughter, Sonya Houx, obtained two loans from Stone Castle Home Loans and granted two deeds of trust on the property to secure those loans. As part of that transaction, Schier also quitclaimed the property to herself and Houx. The quitclaim deed and the two deeds of trust were recorded the same day and time: April 13, 2001, at 3:47:09 p.m. The quitclaim deed was recorded first, in book 419, page 0913 as document 624768. The next recorded document—in book 419, page 0915 as document 624769—was a deed of trust securing a promissory note in the amount of $81,900. That deed of trust and note was later assigned to Citibank (the Citibank trust deed). The next recorded document—in book 419, page 0933 as document 6241770—was a deed of trust securing a promissory note in the amount of $8,190. That deed of trust and note was later assigned to Nationwide (the Nationwide trust deed).

In 2016, Nationwide began judicial foreclosure proceedings on the Nationwide trust deed. In its complaint, Nationwide alleged that the trust deed was "the valid first priority lien on the Property." The complaint did not name Citibank as a defendant and did not seek to foreclose on the Citibank trust deed. Nationwide obtained a judgment in March 2017 that declared the Nationwide trust deed superior to the interest of the named defendants, and that foreclosed the interest of the named defendants and that of any party making a claim through the named defendants. In June 2017, plaintiffs bought the property at public auction for $21,680.83. Plaintiffs obtained the sheriff's deed to the property on December 19, 2017.

In 2020, plaintiffs brought this action seeking a declaration that the Citibank trust deed cannot be foreclosed against plaintiffs' property and that it is no longer a lien on the property. Alternatively, plaintiffs sought a declaration that Citibank's interest in the property is not superior to plaintiffs' interest. Plaintiffs also sought to permanently enjoin Citibank from foreclosing on plaintiffs' property for the obligation secured by the Citibank trust deed. Ultimately, the trial court disagreed with plaintiffs' position and entered a judgment in favor of defendants.

The general judgment for defendants in this case resulted from two motions for summary judgment brought by Citibank. In November 2020, the trial court granted in part and denied in part the first summary judgment motion. At that time, the court concluded that there existed a genuine issue of material fact regarding the priority positions of the Nationwide trust deed and the Citibank trust deed. On that motion, the court ordered:

> "1. As to Citibank's motion that its deed of trust is in superior position to the foreclosed deed of trust due to the recording sequence, the motion is DENIED.

> "2. As to Citibank's motion that its deed of trust was not foreclosed by the foreclosure of the other deed of trust, the motion is GRANTED.

> "3. As to Citibank's motion that its deed of trust was not subordinated by the foreclosure of the other deed of trust, the motion is GRANTED.

> "4. As to Citibank's motion that its deed of trust is not subject to ORS 86.797(2) the motion is DENIED."

On the second motion for summary judgment, Citibank presented the court with evidence in addition to the publicly recorded documents relied on by Citibank for its first motion. That evidence included the title insurance policies obtained by Stone Castle Home Loans in connection with the original loans and which were created at the same time the trust deeds were recorded. The policy in connection with the Citibank trust deed provided that it insured that the trust deed securing the $8,190 loan (the Nationwide trust deed) was subordinate to the trust deed securing the $81,900 loan (the Citibank trust deed). Citibank obtained an assignment of that policy along with the note and deed of trust. The title policy in connection with the Nationwide trust deed provided that the deed of trust for the $81,900 loan (the Citibank trust deed) was an exception to the policy and that there were no liens on the property subordinate to the Nationwide trust deed. In addition, loan documentation showed that Houx had applied for a loan modification in 2009 and listed in that application that the $81,900 loan was the first mortgage on the property and the $8,190 loan was an "other" mortgage. An asset manager for Nationwide

attested that Nationwide acquired the $8,190 loan and trust deed "with the understanding, and the loan file and origination title report revealed, that the [trust deed] acquired by Nationwide was not intended to have priority over the [Citibank trust deed]." The manager also attested that Nationwide did not seek in its judicial foreclosure to affect the Citibank trust deed in anyway and that it did not represent to the buyers that its loan was in first position or that the foreclosure would eliminate any prior deed of trust.

The trial court granted Citibank's second motion for summary judgment in its entirety. The court concluded that the foreclosure did not affect the Citibank trust deed and that it validly encumbers the property, that ORS 86.797 does not affect Citibank's right to foreclose, and that, based on the recording order of the documents and the extrinsic evidence of the lender's intent, the Citibank trust deed has priority. The court entered a general judgment making declarations in accord with those conclusions.

Plaintiffs now appeal from that judgment. Plaintiffs first argue that ORS 86.797(2) applies to the Citibank trust deed and operates to bar Citibank from foreclosing on that lien. To address that argument, we must construe ORS 86.797.[2] We thus apply our usual methodology for interpreting statutes described in *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009), with the goal of discerning the intent of the legislature. We primarily consider the text and context of the relevant statute and, when it is useful to our analysis, we will also consider legislative history. *Id*. Because we conclude that it is dispositive of plaintiffs' arguments, we focus on the meaning of "an action for a deficiency" as used in ORS 86.797(2).

We begin our analysis with the text of the statute. First, ORS 86.797(1) sets out what interests on property are extinguished by a trustee's sale of a trust deed. Then,

_____

[2] In 2013, the legislature renumbered *former* ORS 88.070 (2011) to ORS 86.797. Thus, where we discuss the history of the statute predating 2013, we are referring to *former* ORS 86.070 (2011). However, except where we directly quote from a prior version of the statute, we use the current numbering of the statute throughout this opinion, as that is the version of the statute applicable in this case.

as relevant to our analysis, ORS 86.797(2)[3] provides that, except as provided in ORS 86.797(4),

> "an action for a deficiency may not be brought *** after a judicial foreclosure of a residential trust deed, and a judgment to foreclose a residential trust deed under ORS 88.010 may not include a money award for the amount of the debt against the grantor, the grantor's successor in interest or another person obligated on *** [a]ny other note *** secured by a residential trust deed for *** the property that was subject to the *** judicial foreclosure when the debt, of which the note *** is evidence[,] [meets the criteria in ORS 86.797(2)(b)(A) and (B)]."[4]

In turn, ORS 86.797(4) provides:

> "This section does not preclude:
>
> "(a)   An action that forecloses, judicially or nonjudicially:
>
> "(A)   Other property covered by the trust deed that is the subject of the foreclosure; or
>
> "(B)   Another trust deed, mortgage, security agreement, consensual or nonconsensual security interest or lien that covers other real or personal property that is also used

---

[3] ORS 86.797(2) provides, in full:

"Except in accordance with subsection (4) of this section, an action for a deficiency may not be brought after a trustee's sale under ORS 86.705 to 86.815 or after a judicial foreclosure of a residential trust deed, and a judgment to foreclose a residential trust deed under ORS 88.010 may not include a money award for the amount of the debt against the grantor, the grantor's successor in interest or another person obligated on:

"(a) The note, bond or other obligation secured by the trust deed for the property that was subject to the trustee's sale or the judicial foreclosure; or

"(b) Any other note, bond or other obligation secured by a residential trust deed for, or mortgage on, the property that was subject to the trustee's sale or the judicial foreclosure when the debt, of which the note, bond or other obligation is evidence:

"(A) Was created on the same day as, and used as part of the same purchase or repurchase transaction as, the note, bond or other obligation secured by the foreclosed residential trust deed; and

"(B) Is owed to or was originated by the beneficiary or an affiliate of the beneficiary in the residential trust deed that was subject to the trustee's sale or the foreclosure."

[4] For purposes of our analysis here, we assume without deciding that the debt secured by Citibank's trust deed meets the criteria of ORS 86.797(2)(b), because whether or not it does, plaintiffs are not entitled to the declaration and injunction that they sought, as explained in this opinion.

as security for the note, bond or other obligation that is secured by the trust deed for the property that was sold.

"(b) An action against a guarantor for a deficiency that remains after a judicial foreclosure."

On appeal, plaintiffs assert that the statute bars a subsequent "action for a deficiency" on obligations that were part of the same transaction as a prior foreclosure, which was the situation with the Citibank trust deed in this case. Plaintiffs further argue that the term "action for a deficiency," as used in ORS 86.797(2), includes a subsequent foreclosure, because otherwise the exceptions to the bar on a subsequent action for a deficiency set out in ORS 86.797(4) would be meaningless.

Citibank remonstrates that an "action for a deficiency" is an action for a money judgment against borrowers brought after a foreclosure to collect the amount still owing, if any, and that nothing in ORS 86.797(2) prohibits multiple property foreclosures. Citibank also asserts that plaintiffs' proffered interpretation of ORS 86.797(2) would violate the public policy expressed in the trust deed statutes.

In our view, the text of ORS 86.797(2) plainly bars "an action for a deficiency" against "the grantor, the grantor's successor in interest, or another person obligated on" the relevant note. As explained below, given the text and context of the statute, we conclude that "an action for a deficiency" does not encompass a nonjudicial or judicial foreclosure of a trust deed.

The statute at issue here was originally enacted in 1959 as ORS 86.770 and as part of the Oregon Trust Deed Act (OTDA). Or Laws 1959, ch 625, § 13; *see also Brandrup v. ReconTrust Co., N.A.*, 353 Or 668, 676, 303 P3d 301 (2013) (discussing the OTDA). The statute has consistently contained an anti-deficiency provision following a nonjudicial or judicial foreclosure of a residential trust deed. Prior to 2009, the anti-deficiency provision provided: "no other or further action shall be brought, nor judgment entered for any deficiency, against the grantor or the grantor's successor in interest, if any[.]"[5] *Former* ORS 86.770 (2007), *renumbered as*

---

[5] Also prior to 2009, subsection (4) contained exceptions to that bar, which provided:

ORS 86.797 (2013). The anti-deficiency provision expressly included a bar on obtaining a deficiency judgment, among other actions.

A "deficiency judgment" has long been commonly understood to mean "a judgment for the balance of a debt after the security has been realized and the proceeds applied to payment; *especially* : such a judgment following foreclosure of a mortgage." *Webster Third New Int'l Dictionary* 592 (unabridged ed 2002). Deficiency judgment more specifically is a legal term, and it is defined in Black's Law Dictionary as, "A judgment against a debtor for the unpaid balance of the debt if a foreclosure sale or a sale of repossessed personal property fails to yield the full amount of the debt due." *Black's Law Dictionary* 971 (10th ed 2014) (defining "deficiency judgment" under "judgment" and noting that the term originated in 1865); *see also Cottage Grove Apartment Investors v. Brandenfels*, 69 Or App 192, 198, 684 P2d 1235 (1984) (explaining that "[t]he portion of the judgment for plaintiffs' attorney fees, costs and disbursements remaining unsatisfied after application of the proceeds from the sheriff's sale constitutes a 'deficiency judgment' that ORS 86.770(2) forbids"). Thus, at least prior to 2009, the reference to "deficiency" in the statute was to a money judgment for the unpaid balance of a debt following a foreclosure sale. The bar on obtaining a deficiency judgment would not have barred the foreclosure of a different trust deed on the property that was not extinguished by the first foreclosure sale.

In 2009, the legislature rewrote ORS 86.797 and, in so doing, narrowed the wording of the anti-deficiency provision in ORS 86.797(2) to bar "an action for a deficiency * * * or a judgment entered against the grantor, the grantor's

---

"Nothing in this section shall preclude an action judicially or nonjudicially foreclosing the same trust deed as to any other property covered thereby, or any other trust deeds, mortgages, security agreements, or other consensual or nonconsensual security interest or liens covering any other real or personal property security for the note, bond or other obligation secured by the trust deed under which a sale has been made or an action against a guarantor to the extent of any remaining deficiency following judicial foreclosure. A guarantor of an obligation secured by a residential trust deed shall not have the right to recover any deficiency from the grantor or any successor in interest of the grantor."

*Former* ORS 86.770(4) (2007).

successor in interest or another person obligated on" a covered obligation. Or Laws 2009, ch 883, § 2. In 2015, the legislature again amended ORS 86.797(2) to further narrow the wording to the text that is now in effect, which bars "an action for a deficiency" and inclusion of "a money award for the amount of the debt" in the judgment to foreclose. Or Laws 2015, ch 291, § 3. In 2009, the legislature also rewrote section (4) to break apart the exceptions previously contained in that section into different paragraphs. Or Laws 2009, ch 883, § 2. We must address whether, in making those amendments, the legislature intended to bar more than an action that would result in a deficiency judgment, which is a commonly understood term, as explained above. We concluded that it did not.

As applied to civil actions, since 2005, a "judgment" means "the concluding decision of a court on one or more requests for relief in one or more actions, as reflected in a judgment document." ORS 18.005(8); *see also* ORS 18.005(9) (2003) (defining "judgment" as "the concluding decision of a court on one or more claims in one or more actions, as reflected in a judgment document"). The common meaning in law, as reflected in the dictionary, similarly is "a formal decision or determination given in a cause by a court of law or other tribunal." *Webster's* at 1223. In that way, a "deficiency judgment" is merely a judgment resulting from a claim for a deficiency, *i.e.*, a deficiency action. *See also Black's Law Dictionary* at 514 (defining "deficiency suit" as "[a]n action to recover the difference between a mortgage debt and the amount realized on foreclosure" and noting that the term originated in 1927).

The text of the statute does not indicate that, in amending the wording of ORS 86.797(2) to refer to "an action for a deficiency," the legislature meant the statute to refer to something other than an action that would result in a deficiency judgment, which has a long-established meaning as a money judgment on a debt following foreclosure of the property securing the debt. In addition, the 2015 amendment to bar the inclusion of "a money award for the amount of the debt" in a foreclosure judgment provides supporting context that the legislature intended to prohibit money judgments

on the debt following foreclosure and not to bar otherwise permitted subsequent foreclosures on the property.

Plaintiffs nonetheless argue that the context of ORS 86.797(4) indicates that the legislature intended a broader meaning, such that an action for a deficiency would also include subsequent nonjudicial and judicial foreclosures on debts covered by the anti-deficiency bar. Plaintiffs point out that ORS 86.797(4) includes exceptions for actions for judicial and nonjudicial foreclosures on "[o]ther property covered by the trust deed that is the subject of the foreclosure" or "[a]nother trust deed *** that covers other real or personal property that is also used as security for the note *** that is secured by the trust deed for the property that was sold." Plaintiffs assert that, if the term "action for a deficiency" does not also encompass subsequent actions for foreclosures on debts covered by ORS 86.797(2), then those exceptions would not be required and would make that part of subsection (4) meaningless.

We disagree that applying the common meaning of "action for a deficiency" to ORS 86.797(2) would render any of subsection (4) meaningless. That part of the statute clarifies that no part of ORS 86.797—not just ORS 86.797(2)—precludes the types of actions listed in ORS 86.797(4). Including certain foreclosures in that subsection is not an indication that the legislature intended for ORS 86.797(2) to otherwise bar those types of actions. That is, as we understand it, the exception in ORS 86.797(4)(a) primarily operates to avoid an overbroad application of ORS 86.797(1), which sets out when an interest in property is terminated by a foreclosure, and not to avoid an overbroad application of ORS 86.797(2). That understanding is further supported by the fact that ORS 86.797(4) makes a clear distinction between "[a]n action that forecloses, judicially or nonjudicially," which is addressed in ORS 86.797(4)(a), and "[a]n action against a guarantor for a deficiency that remains after a judicial foreclosure," which is addressed in ORS 86.797(4)(b). By using those different terms and separating those two types of actions, the legislature indicated its intent that references to an action for a foreclosure and an action for a deficiency are references to different types of actions.

Because an "action for a deficiency," as used in ORS 86.797(2), does not include an action to foreclose, the trial court did not err in concluding that the statute did not prevent Citibank from seeking to foreclose on the Citibank trust deed.

In their appeal, plaintiffs next argue that, even if Citibank can foreclose on its trust deed, Citibank cannot foreclose plaintiffs' interest in the property. Plaintiffs assert that Citibank's interest in the property is equal to plaintiffs' interest because the Nationwide trust deed and the Citibank trust deed were recorded on the same day with exactly the same time stamp. Plaintiffs assert that the page number order of the recorded documents is irrelevant to their priority because, under ORS 93.620, it is the certified date and time of recording that determines priority.

Citibank responds that the undisputed evidence in the summary judgment record was that the lender and borrowers intended that the Citibank trust deed would have priority over the Nationwide trust deed and that the county clerk's simultaneous recording of the trust deeds does not change that. Citibank asserts that its trust deed remains a valid encumbrance on the property, with priority over the interest acquired by plaintiffs, because Nationwide did not foreclose the Citibank trust deed.

Plaintiffs have framed their argument around whether the indexing of recorded documents operates to establish priority between simultaneously recorded documents, asserting that it does not. We, however, reject that framing of the issue, because, as explained below, the priority of real property interests is based in the recording statutes, which include the bona fide purchaser rule. Applying the bona fide purchaser rule here, we conclude that plaintiffs purchased the property subject to the priority of the Citibank trust deed.

Under Oregon law, it is well established that a trust deed recorded before a second trust deed has priority over that second trust deed. *See, e.g.*, *Bayview Loan Servicing v. Chandler & Newville, Inc.*, 292 Or App 562, 570, 426 P3d 153, *rev den*, 364 Or 209 (2018). The touchstone of that "first in time, first in right" rule is that recording an

interest gives notice of the interest to any third parties. *See* ORS 93.710(1) (providing that the recording of an interest in real property "constitutes notice to third persons of the rights of the parties under the instrument irrespective of whether the party granted such interest or estate is in possession of the real property"). Giving record notice of an interest in real property is important because, under ORS 93.640(1), any interest in real property affecting the title of the property, including trust deeds, that is not recorded is void as against any subsequent interest obtained in "good faith and for valuable consideration" that is "first filed for record." As we have explained, "[u]nder that statute, an unrecorded conveyance * * * is valid as between grantor and grantee." *Gorzeman v. Thompson*, 162 Or App 84, 92, 986 P2d 29 (1999). However, a subsequent purchaser that acquires an interest in the property "in good faith and for valuable consideration" obtains a priority interest over the unrecorded prior interest if the subsequent purchaser records first—the bona fide purchaser rule. *Id.*

To be a bona fide purchaser, the subsequent purchaser must acquire its interest "in good faith for value and without notice of the outstanding interests." *High v. Davis*, 283 Or 315, 333, 584 P2d 725 (1978). The notice can be actual or constructive. *Id.* We have explained:

"Constructive notice encompasses both notice chargeable under the recording statute, ORS 93.710, and inquiry notice. A properly recorded trust deed constitutes record notice to third persons of the rights of the parties under the instrument. ORS 93.710. Inquiry notice, on the other hand, arises when the existence of a claimed interest in real property may be determined through investigation based on facts available to the claimant that would cause a reasonable person to make such an inquiry. Recorded instruments may themselves provide inquiry notice."

*Gorzeman*, 162 Or App at 93 (footnote and citations omitted).

Here, it is undisputed that the Citibank trust deed had priority over the Nationwide trust deed based on the intent of the parties to the loan transaction and that Nationwide did not foreclose the Citibank trust deed in its foreclosure action. Plaintiffs do not assert on appeal that

there exists a genuine issue of material fact on those points. The issue in this case arises because, although the Citibank trust deed was recorded, the first-position-mortgage status given to that trust deed by the parties to the loans over the simultaneously recorded Nationwide trust deed was not recorded. The question then, as relevant to plaintiffs' interest in the property, is whether plaintiffs had notice of the priority of the Citibank trust deed over the simultaneously recorded Nationwide trust deed such that plaintiffs took their interest in the property subject to it. We conclude that they did.

In this case, a reasonable person examining the title to the property would have questioned whether the Citibank trust deed had priority over the Nationwide trust deed. Both trust deeds were originated by the same lender, created on the same date, recorded at the same time, and the Citibank trust deed was for significantly more money (indeed the amounts indicated that the Nationwide trust deed was exactly 10 percent of the Citibank trust deed). Under those circumstances, a purchaser at the sheriff's sale from the foreclosure of the Nationwide trust deed had record notice of the Citibank trust deed and was charged with inquiry notice to determine whether that trust deed (securing a significantly greater sum) had priority over the Nationwide trust deed. An inquiry would have disclosed that the Citibank trust deed did have priority and was not affected by the Nationwide foreclosure.

Given that conclusion, plaintiffs—when they purchased the property at the sheriff's sale—took an interest in the property that was subject to Citibank's senior lien interest in the property. *See Bayview*, 292 Or App at 570 (explaining that foreclosure by a junior lien holder does not affect the interest of the senior lien holder). Accordingly, because the trial court did not err in granting summary judgment, we affirm.

Affirmed.